**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION (SPRINGFIELD)**

| | |
|---|---|
| JOSEPH F. SCHEBEL, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DEUTSCHE BANK NATIONAL TRUST, ) | |
| as Trustee; ) | |
| ACC CAPITAL HOLDINGS ) | CIVIL ACTION NO. |
| CORPORATION; ) | |
| AMERIQUEST MORTGAGE ) | |
| COMPANY; ) | |
| AMC MORTGAGE SERVICES, INC.; ) | |
| and ) | |
| ROLAND ARNALL, ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF REMOVAL**

Defendants, Deutsche Bank National Trust, as Trustee ("Deutsche Bank"), ACC Capital Holdings Corporation ("ACC"), Ameriquest Mortgage Company ("Ameriquest"), AMC Mortgage Services, Inc. ("AMC"), and Roland Arnall ("Arnall") (collectively "defendants") hereby provide notice that they are removing this action originally commenced in the Superior Court for Hampden County, Massachusetts, to the United States District Court for the District of Massachusetts, Western Division (Springfield). In support thereof, defendants state as follows:

1.  Defendants exercise their rights under the provisions of 28 U.S.C. §§ 1331, 1332, 1441, and 1446, to remove this case from the Superior Court for Hampden County, Massachusetts.

2.     This case is pending in the Superior Court for Hampden County, Massachusetts under the name and style of <u>Joseph F. Schebel, Jr. v. Deutsche Bank National Trust, Trustee of Ameriquest, ACC Capital Holdings, a Delaware Corporation, Ameriquest Mortgage Company, a subsidiary of ACC Capital Holding Corporation, AMC Mortgage Services, a subsidiary of ACC Capital Holding Corporation, and Roland Arnall</u>, Civil Action No. 07-662.

3.     28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

4.     This is a civil action that was instituted in the Superior Court for Hampden County, Massachusetts, and has not been tried.  Plaintiff filed his Complaint on or about July 6, 2007.  A true and correct copy of the plaintiff's pro se, Verified Complaint for Temporary Injunction and Other Equitable Relief and Monetary Civil Penalties ("Complaint") and Summons are attached hereto as Exhibits A (Complaint) and B (Summons).  Upon information and belief, plaintiff has not effected service of process on any of defendants.  Defendants received a copy of the Complaint and Summons through other means on or about July 11, 2007.

5.     As more fully set forth below, this case is properly removed to this Court under 28 U.S.C. § 1441 because this Court has original jurisdiction pursuant to: (1) 28 U.S.C. § 1331 over plaintiff's claims arising under federal law; and (2) 28 U.S.C. § 1332(a) in that the matter in controversy as set forth in the Complaint exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

**I.   FEDERAL QUESTION JURISDICTION EXISTS PURSUANT TO 28 U.S.C. § 1331**

6.   28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7.   Removal here is proper under 28 U.S.C. § 1441(a) because the Court has original jurisdiction, pursuant to 28 U.S.C. § 1331, over plaintiff's claims arising under federal law.

8.   Specifically, plaintiff has alleged claims, among others, under the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(I)(A), and 53(b), the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., and the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. §§ 2605 and 2614, and Section 3500.21 of the Department of Housing and Urban Development's Regulation X ("Regulation X"), 24 C.F.R. § 3500.21.  Plaintiff's claims seek injunctive relief, as well as actual and statutory damages.  See Complaint, Counts I-XII, and Prayer for Relief, subparagraphs 1-5.

9.   As such, plaintiff's claims arise under federal law so as to present a federal question within the meaning of 28 U.S.C. § 1331, and thus the instant action is properly removed.

10.   Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other of plaintiff's claims against defendants as to which it may not have original jurisdiction.

**II.   DIVERSITY JURISDICTION EXISTS PURSUANT TO 28 U.S.C. § 1332(a)**

**A.   There Is Complete Diversity Of Citizenship Between Plaintiff And Defendants**

11.   In determining whether complete diversity exists, the Court considers the citizenship of all properly joined parties.  28 U.S.C. § 1441(b).

12. The Affidavit of Joseph Schebel in Support of Motion for Emergency Ex Parte Temporary Restraining Order ("Plaintiff's Affidavit") filed contemporaneously with plaintiff's Complaint states that plaintiff is domiciled at 71 Columbia Drive, Feeding Hills in the Commonwealth of Massachusetts. See Plaintiff's Affidavit, ¶ 2, a true and correct copy of which is attached hereto as Exhibit C. For purposes of diversity of citizenship under 28 U.S.C. § 1332, plaintiff is a citizen of the Commonwealth of Massachusetts.

13. Deutsche Bank is a national banking association. National banking associations are deemed "citizens of the States in which they are respectively located." See 28 U.S.C. § 1348. The United States Supreme Court has held that this language means that a national banking association is a citizen of the State in which its main office, as set forth in its articles of association, is located. Wachovia Bank, N.A. v. Schmidt, 126 S. Ct. 941, 945 (U.S. 2006). Deutsche Bank's main office is located in the State of California. For purposes of diversity of citizenship under 28 U.S.C. § 1332, Deutsche Bank is a citizen of a state other than the Commonwealth of Massachusetts.

14. ACC is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of California. A "corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." See 28 U.S.C. § 1332(c)(1). For purposes of diversity of citizenship under 28 U.S.C. § 1332, ACC is a citizen of a state other than the Commonwealth of Massachusetts.

15. Ameriquest is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of California. A "corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." See 28 U.S.C. § 1332(c)(1). For purposes of diversity of

citizenship under 28 U.S.C. § 1332, Ameriquest is a citizen of a state other than the Commonwealth of Massachusetts.

16. AMC is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of California. A "corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." See 28 U.S.C. § 1332(c)(1). For purposes of diversity of citizenship under 28 U.S.C. § 1332, Ameriquest is a citizen of a state other than the Commonwealth of Massachusetts.

17. Arnall is an individual and a citizen of the State of California. For purposes of diversity of citizenship under 28 U.S.C. § 1332, Arnall is a citizen of a state other than the Commonwealth of Massachusetts.

18. There is complete diversity of citizenship for purposes of federal jurisdiction under 28 U.S.C. § 1332(a).

**B.   The amount in controversy exceeds $75,000, exclusive of interest and costs**

19. Plaintiff's Affidavit alleges, among other things, that plaintiff entered into a mortgage loan agreement with defendant Ameriquest. See Plaintiff's Affidavit, ¶ 4 (Exhibit C hereto). The principal amount owed on plaintiff's mortgage was $150,000. Id.

20. Plaintiff's Complaint alleges that the defendants violated the FTC Act, the FDCPA, FCRA, and RESPA by, among other things, allegedly: charging him for "force placed" homeowners insurance on his property; failing to post his mortgage payments in a timely manner; engaging in unfair debt collection practices; misrepresenting, and making misleading representations about, the amount of payments owed; inaccurately reporting plaintiff's financial information, and disputes, to consumer reporting agencies; and failing to properly service his

loan. Plaintiff alleges that this purported conduct entitles plaintiff, among other things, to rescind his mortgage loan. See Complaint, Prayer For Relief, subparagraph 3.

21.   In particular, plaintiff asks the Court to "permanently enjoin and restrain defendants from violating the FTC Act, the FDCPA, the FCRA, and the RESPA towards Schebel" and to award equitable relief "to redress Schebel for any injury resulting from defendants' violations of the FTC Act, FDCPA, FCRA, and RESPA, including but not limited to rescission or reformation of any contracts towards Schebel, the refund of monies paid, and disgorgement of ill-gotten gains." See Complaint, Prayer for Relief, subparagraphs 2-3.

22.   The jurisdictional amount in controversy requirement is satisfied because plaintiff seeks to rescind his loan which was made in an amount in excess of $75,000. See Complaint, Prayer for Relief, subparagraph 3. "Courts have repeatedly held that the value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation." Richard C. Young & Co., LTD. v. Leventhal, D.D.S., M.S., 389 F.3d 1, 3 (1st Cir. 2004); Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977) (stating that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy [for purposes of diversity jurisdiction] is measured by the value of the object of the litigation"). A plaintiff puts the entire value of the mortgage loan at issue where the plaintiff seeks declaratory and injunctive relief against the enforcement of the mortgage contract. See Ericsson GE Mobile Commc'ns v. Motorola Commc'ns & Elecs., Inc., 120 F.3d 216, 220 (11th Cir. 1997) (stating that "plaintiff's claim for monetary *damages* need not, by itself, exceed the requisite statutory amount because the immediate financial consequences of the litigation to the plaintiff – in that case, the financial benefit of not having to pay the interest contracted to be charged – may also be considered in

calculating the amount in controversy") (emphasis in original); see also Rosen v. Chrysler Corp., 205 F.3d 918, 921 (6th Cir. 2000) (stating that "in cases where a plaintiff seeks to rescind a contract, the contract's entire value, without offset, is the amount in controversy"); Fitzgerald Railcar Servs. of Omaha, Inc. v. Chief Indus., Inc., No. 04-1949, 2005 WL 1154293, *1 (8th Cir. May 17, 2005) (stating that "the value of the object of litigation is not measured simply by the amount in alleged default,… but also by the value of the lease agreement if terminated").

23. The principal owing on plaintiff's mortgage, and the finance charges payable, exceed $75,000.00, exclusive of interest and costs. As such, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

24. Because there is complete diversity of citizenship, and because the amount in controversy exceeds $75,000 exclusive of costs and interests, the Court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1332.

### III. PROCEDURAL COMPLIANCE

25. In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after the receipt by the defendants, of a copy of the Summons and Complaint in this case. Defendants remove this matter without waiving any objections or defenses that they may have, including, without limitation, objections to sufficiency of process or sufficiency of service thereof.

26. Pursuant to 28 U.S.C. § 1441, et seq., the right exists to remove this case from the Superior Court for Hampden County, Massachusetts, to the United States District Court for the District of Massachusetts, Western Division (Springfield).

- 8 -

27. Pursuant to 28 U.S.C. § 1446(a) and L.R. D. Mass. 81.1, attached hereto are true and correct copies of the Complaint bearing civil action number 07-662 (Exhibit A) and the Summons (Exhibit B).

28. Written notice of the filing of this Notice of Removal will be served upon the plaintiff, acting pro se, as required by law.

29. A true and correct copy of this Notice of Removal will be filed with the clerk of the Superior Court for Hampden County, Massachusetts, as required by law, and served upon plaintiff, acting pro se.

**WHEREFORE**, defendants Deutsche Bank National Trust, as Trustee, ACC Capital Holdings Corporation, Ameriquest Mortgage Company, AMC Mortgage Services, Inc., and Roland Arnall hereby remove this case from the Superior Court for Hampden County, Massachusetts, where it is now pending, to this honorable Court, and respectfully request that this Court accept jurisdiction of this action, and henceforth that this action be placed upon the docket of this Court for further proceedings, same as though this case had originally been instituted in this Court.

- 9 -

        DEUTSCHE BANK NATIONAL TRUST, as Trustee, ACC CAPITAL HOLDINGS CORPORATION, AMERIQUEST MORTGAGE COMPANY, AMC MORTGAGE SERVICES, INC., AND ROLAND ARNALL,

By their attorneys,

s/ David M. Glynn

R. Bruce Allensworth (BBO #015820)
Andrew C. Glass (BBO #638362)
David M. Glynn (BBO #650964)
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel: 617.261.3100
Fax: 617.261.3175
bruce.allensworth@klgates.com
andrew.glass@klgates.com
david.glynn@klgates.com

Dated: July 26, 2007

**CERTIFICATE OF SERVICE**

      I hereby certify that this *Notice of Removal* filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on July 26, 2006.

                                                         s/ David M. Glynn
                                                         David M. Glynn