Commonwealth of Massachusetts
HAMPDEN SUPERIOR COURT
Case Summary
Civil Docket

## HDCV2007-00662
### Schebel Jr v Deutsche Bank National Trust et al

| | | | |
|---|---|---|---|
| **File Date** | 07/06/2007 | **Status** | Disposed: transfered to other court (dtrans) |
| **Status Date** | 07/31/2007 | **Session** | A - Civil A - CtRm 3 |
| **Origin** | 1 - Complaint | **Case Type** | A99 - Misc contract |
| **Track** | F - Fast track | **Lead Case** | |
| | | **Jury Trial** | Yes |

### DEADLINES

| | Service | Answer | Rule12/19/20 | Rule 15 | Discovery | Rule 56 | Final PTC | Judgment |
|---|---|---|---|---|---|---|---|---|
| **Served By** | | | 11/03/2007 | 11/03/2007 | 05/01/2008 | 05/31/2008 | | |
| **Filed By** | 10/04/2007 | 11/03/2007 | 12/03/2007 | 12/03/2007 | | 06/30/2008 | | 04/26/2009 |
| **Heard By** | | | 01/02/2008 | 01/02/2008 | | | 10/28/2008 | |

### PARTIES

**Plaintiff**
Joseph F Schebel Jr
71 Columbia Drive
Feeding Hills, MA 01030
Phone: 413-789-7515
Active 07/06/2007 Notify

**Defendant**
  Deutsche Bank National Trust
Trustee of Ameriquest
Service pending 07/06/2007

**Private Counsel 567103**
Phoebe S Winder
Kirkpatrick & Lockhart Preston Gates Ellis LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Phone: 617-261-3100
Fax: 617-261-3175
Active 07/18/2007 Notify

**Private Counsel 650964**
David M Glynn
Kirkpatrick & Lockhart Preston Gates Ellis LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02109-1808
Phone: 617-261-3100
Fax: 617-261-3175
Active 07/27/2007 Notify

**Defendant**
  ACC Capital Holdings
a Delaware corporation
Service pending 07/06/2007

**Private Counsel 567103**
Phoebe S Winder
Kirkpatrick & Lockhart Preston Gates Ellis LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Phone: 617-261-3100
Fax: 617-261-3175
Active 07/18/2007 Notify

MASXP-20070212
liebeldo

Case 1:07-cv-06810    Document 9-2    Filed 08/15/2007    Page 2 of 30

Commonwealth of Massachusetts
HAMPDEN SUPERIOR COURT
Case Summary
Civil Docket

08/01/2007
02:27 PM

## HDCV2007-00662
## Schebel Jr v Deutsche Bank National Trust et al

|  | **Private Counsel 650964**<br>David M Glynn<br>Kirkpatrick & Lockhart Preston Gates Ellis LLP<br>State Street Financial Center<br>One Lincoln Street<br>Boston, MA 02109-1808<br>Phone: 617-261-3100<br>Fax: 617-261-3175<br>Active 07/27/2007 Notify |
|---|---|
| **Defendant**<br>Ameriquest Mortgage Company<br>A subsidiary of ACC Capital Holding Corporation<br>Service pending 07/06/2007 | **Private Counsel 567103**<br>Phoebe S Winder<br>Kirkpatrick & Lockhart Preston Gates Ellis LLP<br>State Street Financial Center<br>One Lincoln Street<br>Boston, MA 02111-2950<br>Phone: 617-261-3100<br>Fax: 617-261-3175<br>Active 07/18/2007 Notify |
|  | **Private Counsel 650964**<br>David M Glynn<br>Kirkpatrick & Lockhart Preston Gates Ellis LLP<br>State Street Financial Center<br>One Lincoln Street<br>Boston, MA 02109-1808<br>Phone: 617-261-3100<br>Fax: 617-261-3175<br>Active 07/27/2007 Notify |
| **Defendant**<br>AMC Mortgage Services<br>a subsidiary of ACC Capital Holding Corporation<br>Service pending 07/06/2007 | **Private Counsel 567103**<br>Phoebe S Winder<br>Kirkpatrick & Lockhart Preston Gates Ellis LLP<br>State Street Financial Center<br>One Lincoln Street<br>Boston, MA 02111-2950<br>Phone: 617-261-3100<br>Fax: 617-261-3175<br>Active 07/18/2007 Notify |
|  | **Private Counsel 650964**<br>David M Glynn<br>Kirkpatrick & Lockhart Preston Gates Ellis LLP<br>State Street Financial Center<br>One Lincoln Street<br>Boston, MA 02109-1808<br>Phone: 617-261-3100<br>Fax: 617-261-3175<br>Active 07/27/2007 Notify |

**Commonwealth of Massachusetts**
HAMPDEN SUPERIOR COURT
Case Summary
Civil Docket

## HDCV2007-00662
## Schebel Jr v Deutsche Bank National Trust et al

| Defendant | Private Counsel 567103 |
|---|---|
| Roland Arnall | Phoebe S Winder |
| Service pending 07/06/2007 | Kirkpatrick & Lockhart Preston Gates Ellis LLP |
| | State Street Financial Center |
| | One Lincoln Street |
| | Boston, MA 02111-2950 |
| | Phone: 617-261-3100 |
| | Fax: 617-261-3175 |
| | Active 07/18/2007 Notify |
| | **Private Counsel 650964** |
| | David M Glynn |
| | Kirkpatrick & Lockhart Preston Gates Ellis LLP |
| | State Street Financial Center |
| | One Lincoln Street |
| | Boston, MA 02109-1808 |
| | Phone: 617-261-3100 |
| | Fax: 617-261-3175 |
| | Active 07/27/2007 Notify |

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 07/06/2007 | 1.0 | Complaint & civil action cover sheet filed |
| 07/06/2007 | | Origin 1, Type A99, Track F. |
| 07/06/2007 | | Notice of 93A complaint sent to Attorney General |
| 07/06/2007 | 2.0 | Plaintiff Joseph F Schebel Jr's motion for emergency ex parte temporary restraining order |
| 07/06/2007 | 3.0 | Affidavit of John Schebel in support of motion for emergency ex parte temporary restraining order |
| 07/06/2007 | | MOTION (P#2) SON returnabe July 11, 2007 @ 2 p.m. (Tina S. Page, Justice). |
| 07/06/2007 | 4.0 | Summons and order of notice issued; returnable 7/11/2007 |
| 07/11/2007 | | (P#2) Cont to 7/18/07 @ 2P.M. Order of notice to issue. (Constance M. Sweeney, Justice). Notices mailed 7/11/2007 |
| 07/11/2007 | 5.0 | Summons and order of notice issued; returnable 7/18/2007 |
| 07/11/2007 | 6.0 | SERVICE RETURNED (Short order of notice): Joseph F Schebel Jr UNSERVED |
| 07/18/2007 | 7.0 | Stipulation and consent order. (Bertha D. Josephson, Justice) faxed and mailed |
| 07/18/2007 | 8.0 | Opposition to plaintiff's motion for temporary restraining order filed by Deutsche Bank National Trust, ACC Capital Holdings, Ameriquest Mortgage Company, AMC Mortgage Services, Roland Arnall |
| 07/27/2007 | 9.0 | Notice of Filing of Notice of Removal to the United States District Court filed by Deutsche Bank National Trust, ACC Capital Holdings, Ameriquest Mortgage Company, AMC Mortgage Services, Roland Arnall |
| 07/31/2007 | 10.0 | Notice of Removal to U.S. District Court |

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 07/06/2007 | Civil A - CtRm 3 | Motion/Hearing: miscellaneous (2) EMERGENCY EX PARTE MOTION FOR T.R.O. | Event held as scheduled |

**Commonwealth of Massachusetts**
**HAMPDEN SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## HDCV2007-00662
### Schebel Jr v Deutsche Bank National Trust et al

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 07/11/2007 | Civil A - CtRm 3 | Motion/Hearing: order of notice (4) | Event held as scheduled |
| 07/18/2007 | Civil A - CtRm 3 | Motion/Hearing: order of notice (2)(4)SON & TRO | Event held as scheduled |
| 07/25/2007 | Civil A - CtRm 3 | Motion/Hearing: order of notice (2)(4)SON AND TRO | Event canceled not re-scheduled |

A TRUE COPY
OF THE DOCKET MINUTES:
IN WITNESS WHEREOF, I hereunto
set my hand, and have caused the seal
of the Superior Court for the County
of Hampden to be affixed on this
first    day of  August,  2007.

*Donna M Zubel*
Deputy Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DIVISION

Civil No.    07   662

```
_____
                                )
JOSEPH F. SCHEBEL JR.,          )
                                )
       Plaintiff,               )
                                )
       v.                       )
                                )
DEUTSCHE BANK NATIONAL TRUST;   )
  Trustee of Ameriquest,        )
                                )
ACC CAPITAL HOLDINGS;           )
  a Delaware corporation,       )
                                )
AMERIQUEST MORTGAGE COMPANY;    )
  A subsidiary of ACC Capital   )
      Holding Corporation,      )
                                )
AMC MORTGAGE SERVICES;          )
  A subsidiary of ACC Capital   )
      Holding Corporation,      )
                                )
          and                   )
                                )
Roland Arnall,                  )
                                )
       Defendants,              )
_____)
```

HAMPDEN COUNTY
SUPERIOR COURT
FILED
JUL - 6 2007
*Brian P. Leigh*
CLERK-MAGISTRATE

COMPLAINT FOR TEMPORARY INJUNCTION
AND OTHER
EQUITABLE RELIEF
AND
MONETARY CIVIL PENALTIES

Plaintiff, the Joseph F. Schebel Jr. (hereinafter "Schebel" and/or "Plaintiff") is a natural born free sovereign

No. of Plts. __1__
Fee Paid - $ 240 ____ Cash - Check
Surcharge Paid - $ 15 ____ Cash - Check
Security Fee - Paid - $ 20 ____ Cash - Check
Received by _____

person, who is pro se in the above mentioned case and further reserves his right to obtain counsel as Defendant deems necessary and hereby asserts and alleges the complaint as follows:

1.   This is an action under Massachusetts General Law Chapter 93A § 2, § 9 along with but not limited to § 11 along with Sections 5(a), 5(m)(1)(A), and 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(I)(A), and 53(b), to secure permanent injunctive relief and other equitable relief, including rescission, reformation, redress and disgorgement, against defendants for engaging in unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, as amended, 15 U.S.C. § 45(a), and acts or practices in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* as amended, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.,* as amended, and to obtain a monetary civil penalty for violations of Massachusetts General Law Chapter 93A, the FDCPA and FCRA against the Plaintiff Schebel.

2.   This is an action under Sections 6 and 16 of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. §§ 2605 and 2614, to secure statutory remedies, permanent injunctive relief, and other equitable relief against defendants for engaging in violations of Section 6 of RESPA, 12 U.S.C. § 2605, and Section 3500.21 of the Department of Housing and Urban Development's Regulation X ("Regulation X"), 24 C.F.R. § 3500.21 against the Plaintiff Schebel.

## THE DEFENDANTS

3.   ACC Capital Holding Corporation (hereinafter "ACCCH" and/or "Defendants"), is a Delaware corporation with its

principal place of business in Orange County, California.
ACCCH is a national mortgage lender based in Orange,
California. The company is the largest privately held
retail mortgage lender in the United States and the largest
sub-prime lender by volume. ACCCH is privately owned by
Roland Arnall a named Defendant in this action.

4.   Defendant Ameriquest Mortgage Company (hereinafter
"AMRQ" and/or "Defendants") is a subsidiary of ACC Capital
Holding Corporation who maintains its principal place of
business in Orange County, California and who at the time
of contract with the Plaintiff held an office at 1500 Main
St. suite 2518, Springfield, Massachusetts. AMC transacts
business within the Commonwealth of Massachusetts.

5.   AMRQ is one of the United State's leading wholesale
sub-prime lenders. AMRQ was founded in 1979, in Orange
County, California, as a bank, Long Beach Savings & Loan.
The Bank moved to Orange County in 1991 and was converted
to a pure mortgaged lender in 1994, renamed Long Beach
Mortgage C. In 1997, the wholesale part of the business
(funding loans made by independent brokers) was spun ff as
a publicly traded company, called long Beach Mortgage; the
retail part of the business was renamed Ameriquest Capital
and remain private.

6.   Defendant AMC Mortgage Services Ameriquest Mortgage
Company ("AMC" and/or "Defendants") is a subsidiary of ACC
Capital Holding Corporation who maintains its principal
place of business in Orange County, California. AMC
services loans for Ameriquest.

7.   At all times relevant to this complaint, defendant
Roland Arnall ("Arnall") is the owner of ACC Capital
Holding Corporation and it's subsidiaries.

8.   Individually or in concert with others, he has directed, controlled, formulated or participated in the acts and practices set forth herein. He transacts or has transacted business within the Commonwealth of Massachusetts.

9.   The Defendants ACCCH, AM and FCC, together with subsidiaries, operate together as part of a common enterprise (hereinafter collectively referred to as "Ameriquest").

10.  AMRQ and AMC are a "debt collector" as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

11.  ACCCH, AMRQ, AMC, and Arnall are "persons" as that term is defined by Section 3(5) of RESPA, 12 U.S.C. § 2602(5), and are subject to the requirements of the RESPA and Regulation x.

12.  In connection with the servicing and collection of mortgage loans, AMRQ and AMC furnishes information to consumer reporting agencies. As such, AMRQ and AMC are subject to Section 623 of the FCRA, 15 U.S.C. § 1681s-2, which imposes a series of duties and prohibitions upon any person or entity that furnishes information to a consumer reporting agency.

COMMERCE

13.  The acts and practices of all the Defendants alleged in this complaint have been in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

DEFENDANTS' BUSINESS PRACTICES

14.  AMRQ and AMC are financial servicing company's specializing in the acquisition, servicing, and resolution of mortgage loans, primarily in the "sub-prime" market. The sub-prime market is comprised of persons who are considered

to be greater credit risks and, thus, may not meet the
strict underwriting' standards required to qualify for
prime, or "A," credit. Sub-prime services like Ameriquest
administer loans made to borrowers with greater credit risk
or perceived greater credit risk, including persons from
lower-income or minority neighborhoods.

15.   Ameriquest in 1996 paid $3 million to settle a Justice
Department lawsuit accusing it of gouging older, female and
minority borrowers. Prosecutors accused it of allowing
mortgage brokers and its employees to add a fee to these
customer of as much as 12% of the loan amount.

16.   In 2001, after being investigated by the Federal Trade
Commission, the company settled a dispute with ACORN a
national organization of community groups, promising to
offer $360 million in low-cost loans.

17.   In or approximately January 2006, AMRQ settled a $325
million settlement with state attorneys general and law
enforcement agencies and financial regulators in 49 states
and the District of Columbia over allegations of predatory
lending practices.

18.   As a mortgage servicer, AMC collects and processes
loan payments from Schebel on behalf of Ameriquest. The
mortgage loans that AMC services for AMRQ are held mainly
in real estate investment trusts ("REIT") on the secondary
market for the benefit of Ameriquest. AMRQ and AMC are paid
a servicing fee based on the unpaid principal balance of
the loans, in the REIT. In addition, AMRQ and AMC profits
from a myriad of fees that it charges consumers on the
loans it services, including late fees. For example, AMRQ
and AMC profits from money it "advances" to the Schebel to
pay for items that AMRQ and AMC deems necessary to protect
its rights in the property.

19.   These "corporate advances" include fees for property inspections, demand letters, broker's price opinions, foreclosure fees, and attorney fees. These corporate advances are added to the loan balance, and AMRQ and AMC profits from interest charged on the advances. AMRQ and AMC monthly billing statements do not itemize these corporate advances for Schebel.

20.   AMRQ and AMC also receives compensation, in the form of commissions or otherwise, when it "force places" casualty insurance on Schebel's home. Under the terms of the mortgage loan serviced by AMRQ and AMC, Schebel was required to maintain homeowners/fire insurance on their home. Ameriquest advanced money to Schebel to pay for casualty insurance that it places on Schebel home when, according to Ameriquest, Schebel has allowed the insurance to lapse, or that Schebel had failed to provided proof that the insurance has not lapsed.

21.   This force placed insurance is much more expensive than insurance purchased by the consumer. AMC own records will show in addition, Ameriquest charges interest on the money advanced for force placed insurance.

22.   The mortgage loans serviced by AMRQ and AMC have due dates and grace periods of time after which a loan payment is due but before which a late fee may be assessed. In many instances, Ameriquest failed to post Schebel's on-time mortgage payments to his account in a timely manner, and then charges Schebel late fees or additional interest for failing to make his payments "on time."

23.   Once this happens Schebel's loan would be categorized as "delinquent," which in turn AMRQ and AMC would charges other unwarranted fees, including fees for unnecessary or

bogus property inspections, broker's price opinions
("BPOs"), and attorneys' fees.

24. AMRQ and AMC then failed to apply subsequent mortgage
payments to the amount due, or applies those payments to
other fees allegedly owed rather than to the principal and
interest due. Many instances, Ameriquest pyramids late
fees, i.e., it charges more than one late fee for a single
delinquency. As a result of these practices, Schebel fell
further behind on their scheduled mortgage payments
according to Ameriquest' records.

25. In addition to the unwarranted late charges and other
fees in connection with alleged defaults, in many instances
AMRQ and AMC has placed Schebel's payments in "suspense"
accounts. In practice, the creation of a suspense account
allowed AMRQ and AMC to divert Schebel's payments away from
his mortgage payments. As a result, Schebel remain subject
to additional fees and related problems on his loans.

26. AMRQ and AMC has improperly force placed casualty
insurance on Schebel home, even when AMRQ and AMC knew or
should have known Schebel already had insurance in place.
As a result of the premiums for the force placed insurance,
Schebel's regular mortgage payments have been deemed
insufficient, the loan placed in default status, and fees
improperly assessed by AMRQ and AMC. AMC own records will
show that in 2006 AMRQ and AMC charged Schebel $2417.00 for
forced placed casualty.

27. When the Schebel requested the amount of money
necessary to "reinstate" (i.e., bring his account current)
or payoff his loan, AMRQ and AMC  demands often contain
fees that have been assessed by AMRQ and AMC, including
fees for property inspections, BPOs, demand letters, payoff
quotes, attorneys' fees, and prepayment penalties.

28.   In collecting late payments, AMRQ and AMC has used aggressive practices towards Schebel with continuing collection calls, a negative credit rating, additional fees, and has gone as so far as to threaten foreclosure, to obtain Schebel's agreement to forbearance agreements although Schebel adamantly object to the amount owed.

29.   AMRQ and AMC refused to work with Schebel or any other workout solutions but demanded the "total amount due." The total amount due includes all payments due and all fees assessed by AMRQ and AMC. AMRQ and AMC collectors are trained not to give the Schebel a breakdown of the fees, but to insist upon the total amount due immediately and discourage Schebel's disputes and questions about fees. AMRQ and AMC standard forbearance agreement requires consumers to pay all fees assessed by Ameriquest, and also to waive any and all claims they might have against Ameriquest.

30.   When Schebel disputed the aspect of his loan servicing, such as the timely posting of his payments, fees, force placed insurance, or inaccurate credit reporting, AMRQ and AMC repeatedly failed to timely and adequately acknowledge, investigate and/or respond to his complaint.

31.   As a result of Ameriquest' failure to post Schebel's mortgage payments to his account in a timely manner, Schebel was consequently assessed unwarranted late fees and related charges. The Defendants practices has placed Schebel into delinquency, created the need for Schebel to pay additional money for taxes and insurance, and has caused grave harm to his credit ratings.

## FEDERAL TRADE COMMISSION ACT VIOLATIONS
### Count I:

### Failure to Properly Post Defendants Payments

32.  Schebel incorporates by reference all the foregoing paragraphs.

33.  In the course and conduct of the Plaintiff's loan in regards to servicing and collection, the Defendants in numerous instances have failed to timely or properly post payments received by Schebel in a timely manner, and then assessed Schebel with late fees and other charges as a result.

34.  The Defendants' actions have caused and are likely to continue to cause substantial injury to Schebel. This injury is not reasonably avoidable by Schebel and can not be outweighed by countervailing benefits to Schebel.

35.  Defendants' acts or practices constitute unfair acts or practices in or affecting commerce in violations of Massachusetts General Law Chapter 93A, along with Sections 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a).

### Count II:

### Unfair and Deceptive Force Placement of Insurance

36.  Schebel incorporates by reference all the foregoing paragraphs.

37.  In the course and conduct of the Schebel's loan in regards to servicing and collection, the Defendants have force placed casualty insurance on Schebel's home when such insurance was already in place. Defendants failed to disclose adequately to Schebel that such insurance would be, or had been, force placed on his home and that the Schebel mortgage loan account would be, or had been, assessed for such insurance.

38.   The Defendants' actions have caused and are likely to
continue to cause substantial injury to Schebel. This
injury is not reasonably avoidable by Schebel and can not
be outweighed by countervailing benefits to Schebel.
39.   Defendants' acts or practices constitute unfair acts
or practices in or affecting commerce in violations of
Massachusetts General Law Chapter 93A, along with Sections
5(a) of the Federal Trade Commission Act, 15 U.S.C. §
45(a).

### Count III:

### Misrepresentation of Amounts Owed Amounts Owed

40.   Schebel incorporates by reference all the foregoing
paragraphs.
41.   In the course and conduct of the Schebel's loan in
regards to servicing and collection, the Defendants in
numerous instances have represented, expressly or by
implication, that the Schebel owed amounts specified in
Defendants' communications.
42.   On numerous occasions, Schebel did not owe the amounts
that has been specified in Defendants' communications. The
Schebel did not owe the amounts specified because, for
example,

> (a)  fees included in the amounts specified are a
>      result of AMRQ and AMC failure to properly post
>      payments as alleged in Count I;
> (b)  fees included in the amounts specified are not
>      allowed under the mortgage contract or permitted
>      by law as alleged in Count IV; and/or
> (c)  the amounts specified has been calculated
>      incorrectly by AMRQ and AMC.

43.   Therefore, Defendants' representations as set forth in
paragraph 31 are false and/or misleading and constitute

deceptive acts or practices in violations of Massachusetts General Law Chapter 93A, along with Sections 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### Count IV:

### Unfair and Deceptive Assessment and Collection of Fees

44.   Schebel incorporates by reference all the foregoing paragraphs.

45.   In the course and conduct of the Schebel's loan in regards to servicing and collection, the Defendants in numerous instances have represented, expressly or by implication, that fees assessed and collected by AMRQ and AMC were;

> (a)   allowed under the mortgage contract and;
>
> (b)   permitted by law.

46.   On numerous occasions, the fees assessed and collected by AMRQ and AMC were;

> (a)   not allowed under the mortgage contract or;
>
> (b)   not permitted by law. Nonetheless, AMRQ and AMC improperly assessed and collected these fees.

47.   The Defendants' actions have caused and are likely to continue to cause substantial injury to Schebel. This injury is not reasonably avoidable by Schebel and can not be outweighed by countervailing benefits to Schebel.

48.   Defendants' acts or practices constitute unfair and deceptive acts or practices in or affecting commerce in violations of Massachusetts General Law Chapter 93A, along with Sections 5(a) of the Federal Trade Commission Act 15 U.S.C. § 45(a).

### Count V:

### Failure to Provide Three Day Right to Rescind

49.   Schebel incorporates by reference all the foregoing paragraphs.

50.  In the course and conduct of giving Schebel a loan the Defendants failed to allow Schebel his three day right to rescind said loan.

51.  The Defendants' actions have caused and are likely to continue to cause substantial injury to Schebel. This injury is not reasonably avoidable by Schebel and can not be outweighed by countervailing benefits to Schebel.

52.  Defendants' acts or practices constitute unfair acts or practices in or affecting commerce in violations of Massachusetts General Law Chapter 93A, along with Sections 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a).

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### Count VI

### False, Deceptive, Or Misleading Representations

53.  Schebel incorporates by reference all the foregoing paragraphs.

54.  On numerous occasions, in connection with the collection of the debt against Schebel by the defendants, defendants have used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including but not limited to:

    (a)  Falsely representing the character, amount, or legal status of a debt, or any services rendered or compensation which may be lawfully received by a debt collector for  collection of a debt. in violation of Sections 807(2)(A) and (B) of the FDCPA, 15 U.S.C. §§ 1692e(2)(A) and (B);

    (b)  Communicating or threatening to communicate to any person credit information about Schebel which is known or which should be known to be false, including the failure to communicate that a

disputed debt is disputed, in violation of
Section 807(8) of the FDCPA, 15 U.S.C. §
1692e(8); and

(c)  Using false representations or deceptive means to
collect or attempt to collect a debt or to obtain
information concerning Schebel, in violations of
Massachusetts General Law Chapter 93A, along with
Sections 807(10) of the FDCPA, 15 U.S.C. §
1692e(1O).

55.  Pursuant to Section 814 of the FDCPA, 15 U.S.C. §
16921,the acts and practices alleged in paragraph 40 also
constitute unfair or deceptive acts or practices in
violation of the FTC Act along with violations of
Massachusetts General Law Chapter 93A.

**Count VII**

**Unfair or Unconscionable Debt Collections**

56.  Schebel incorporates by reference all the foregoing
paragraphs.

57.  On numerous occasions, in connection with the
Defendants collection of debts, the defendants have used
unfair or unconscionable means towards Schebel to collect
or attempt to collect a debt, including but not limited to
collecting amounts (including any interest, fee, charge, or
expense incidental to the principal obligation) not
authorized by the agreement creating the debt or permitted
by law, in violations of Massachusetts General Law Chapter
93A, along with Sections 808(1) of the FDCPA, 15 U.S.C. §
1692f(I).

58.  Pursuant to Section 814 of the FDCPA, 15 U.S.C. §
1692/, the acts and practices alleged in paragraph 43 also
constitute unfair or deceptive acts or practices in
violation of the FTC Act.

### Count VIII

### Failure To Notify To Right To Dispute Debt

59.  Schebel incorporates by reference all the foregoing paragraphs.

60.  On numerous occasions, in connection with the Defendants collection of debts, the defendants have failed to notify Schebel of his right to dispute and obtain verification of payments made by AMRQ and AMC and to obtain the name of the original creditor, either in the initial communication with consumers by defendants, or within five days thereafter, in violations of Massachusetts General Law Chapter 93A, along with Sections 809(a) of the FDCPA, 15 U.S.C. § 1692g(a).

61.  Pursuant to Section 814.of the FDCPA, 15 U.S.C. § 1692/, the acts and practices alleged in paragraph 46 also constitute unfair or deceptive acts or practices in violation of the FTC Act along with violations of Massachusetts General Law Chapter 93A.

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

### Count IX

### Inaccurate Reporting of Information

62.  Schebel incorporates by reference all the foregoing paragraphs.

63.  In numerous instances, in the course and conduct of their business, defendants have furnished information relating to Schebel to a consumer reporting agency when defendants knew or consciously avoided knowing that the information was inaccurate, and when defendants have not, clearly and conspicuously, specified to consumers an address for mailing notices disputing said information.

64.  The acts and practices alleged in paragraph 49 constitute violations of Section 623(a)(1)(A) of the FCRA, 15 D.S.C. § 168Is-2(a)(1)(A).

65.  Pursuant to Section 621(a)(I) of the FCRA, 15 D.S.C. § 1681s(a)(I), the acts and practices alleged in paragraph 49 also constitute unfair or deceptive acts or practices in violations of Massachusetts General Law Chapter 93A, along with Sections 5(a) of the FTC Act, 15 US.C. § 45(a).

### Count X

**Comply to Report Transaction to Credit Reporting Agencies**

66.  Schebel incorporates by reference all the foregoing paragraphs.

67.  Defendants regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about their transactions or experiences with Schebel, and thus must comply with the provisions of Section 623(a)(2) of the FCRA, 15 US.C. § l681s- 2(a)(2).

68.  In numerous instances in which defendants have furnished to a consumer reporting agency information that defendants determined is not complete and accurate, defendants have failed to promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that was necessary to make the information provided by the defendants to the agency complete and accurate; and defendants thereafter furnished to the agency information that remained incomplete and inaccurate.

69.  The acts and practices alleged in paragraph 54 constitute violations of Section 623(a)(2) of the FCRA, 15 U.S.C. § 1681s-2(a)(2).

70.   Pursuant to Section 621(a)(1) of the FCRA, 15 U.S.C. §
1681s(a)(1), the acts and practices alleged in paragraph 54
also constitute unfair or deceptive acts or practices in
violations of Massachusetts General Law Chapter 93A, along
with Sections 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### Count XI

### Failure to Report Disputes By Consumer

71.   Schebel incorporates by reference all the foregoing
paragraphs.

72.   The Defendants in numerous instances where Schebel had
informed Defendants that he dispute information furnished
by Defendants to a consumer reporting agency, defendants
have not reported the disputes to any or all of the
consumer reporting agencies to which they furnish or have
furnished the information.

73.   The acts and practices alleged in paragraph 58
constitute violations of Section 623(a)(3) of the FCRA, 15
U.S.C. § 1681s-2(a)(3).

74.   Pursuant to Section 621(a) of the FCRA, 15 U.S.C. §
1681s(a)(1), the acts and practices alleged in paragraph 58
also constitute unfair or deceptive acts or practices in
violations of Massachusetts General Law Chapter 93A, along
with Sections 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### REAL ESTATE SETTLEMENT PROCEDURES ACT VIOLATIONS

### Count XII

### Failure to Properly Service Mortgage Loan

75.   Schebel incorporates by reference all the foregoing
paragraphs.

76. In numerous instances, in connection with the servicing
of Schebel mortgage loan and the administration of escrow
accounts, Defendants have violated the requirements of

Section 6 of RESPA, 12 U.S.C. § 2605, specifically
including the failure to:

    (a)   Promptly post payments received in a timely
          manner;

    (b)   Timely apply payments to principal and interest
          on consumers' accounts;

    (c)   Make timely payments of escrow funds for casualty
          insurance premiums and property taxes; and

    (d)   Timely and adequately acknowledge, investigate
          and respond to consumers' qualified written
          requests for information about the servicing
          of their loans and escrow accounts.

**CIVIL PENALTIES FOR VIOLATIONS OF THE FDCPA**

77.   Defendants have violated the FDCPA as described above,
with actual knowledge or knowledge fairly implied on the
basis of objective circumstances, as set forth in Section
5(m)(I)(A) of the FTC Act, 15 U.S.C. § 45(m)(I)(A).

78.   Section 5(m)(I)(A) of the FTC Act, 15 U.S.C. §
45(m)(I)(A), Section 814(a) of the FDCPA, 15 U.S.C. §
1692land Section 4 of the Federal Civil Penalties Inflation
Adjustment Act of 1990,28 U.S.C. § 2461, as amended,
authorize the Court to award monetary civil penalties of
not more than $11,000 for each violation of the FDCPA.

79.   Each instance of this Complaint, in which each
Defendant has failed to comply with the FDCPA in one or
more of the ways described above, constitutes a separate
violation for which plaintiff seeks monetary civil
penalties.

**CIVIL PENALTIES FOR VIOLATIONS OF THE FCRA**

80. Except as to violations of Section 623(a)(I), 15 U.S.C.
§ 1681s-2(a)(I), each instance in which each defendant has
violated the FCRA since October 23, 2004, the date that

Schebel and the Defendants entered into a contractual agreement. Each breach of the law, constitutes a separate violation of the FCRA for which Schebel seeks monetary civil penalties under Section 621 of the FCRA, 15 U.S.C. § 1681s.

81.  In the event of a knowing violation, which constitutes a pattern or practice of violations of the FCRA, Section 621 of the FCRA authorizes the Court to award monetary civil penalties of not more than $2,500 per violation for violations occurring after September 30, 1997.

## CONSUMER INJURY

82.  Schebel has suffered, and will continue to suffer, substantial injury as a result of Defendants' violations of the FTC Act, FDCPA, FCRA, and RESPA. Absent injunctive relief by this Court, the Defendants are likely to continue to injure Schebel.

## TERMS COURT'S POWER TO GRANT RELIEF

83.  Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), section 814(a) of the FDCPA, 15 U.S.C. § *16921(a),* and section 621(a) of the FCRA, 15 U.S.C. § 1681s(a), empower this Court to grant injunctive and other ancillary relief, including consumer redress, disgorgement and restitution, to prevent and remedy any violations of any provision of law enforced by the Commission.

84.  This Court, in the exercise of its equitable jurisdiction, may award other ancillary relief to remedy injury caused by Defendants' law violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Joseph F. Schebel Jr., requests that this Court, pursuant to sections 5(a), 5(m)(1)(A), and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(I)(A), and

53(b), section 814(a) of the FDCPA, 15 U.S.C. § 1692/(a), section 621 of the FCRA, 15 U.S.C. § 1681s(a), Section 16 of the RESPA, 12 U.S.C. § 2614, along with Massachusetts General Law Chapter 93A, and pursuant to its own equitable powers:

1. Enter judgment against defendants and in favor of Schebel for each violation charged in the complaint;

2. Permanently enjoin and restrain defendants from violating the FTC Act, the FDCPA, the FCRA, and the RESPA towards Schebel;

3. Award such ancillary equitable relief as the Court deems necessary to prevent unjust enrichment and to redress Schebel for any injury resulting from defendants' violations of the FTC Act, FDCPA, FCRA, and RESPA, including but not limited to rescission or reformation of any contracts towards Schebel, the refund of monies paid, and disgorgement of ill-gotten gains;

4. Award Schebel monetary civil penalties for each of defendants' violations of the FDCPA and FCRA; and

5. Award plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Dated: July 6, 2007        Respectfully submitted,


_____

Joseph Schebel/pro se
71 Columbia Dr.
Feeding Hills, Mass. 01030
413-789-7515

### VERIFICATION

I, Joseph F. Schebel Jr., Plaintiff do hereby declare that I have read the foregoing Complaint and know the contents thereof. The same is true to my knowledge except to those matters that are alleged on information and belief; as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this six (6) day of July 2007 in Hampden County, Massachusetts.

_____
Joseph F. Schebel Jr./pro se
71 Columbia Dr.
Feeding Hills, Ma. 01030
413-789-7515

Dated: July 6, 20007

A true copy.

Attest:

Deputy Assistant Clerk

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT County: _____ | 07    662 |

| PLAINTIFF(S)    Joseph F Schobel SD | DEFENDANT(S)    Deutsche Bank Nat. Trust, et its |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |

Board of Bar Overseers number:

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct.C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/ Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
| A99 | Contract | (F) | (X) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................... HAMPDEN COUNTY .......... $.............
2. Total Doctor expenses ........................... SUPERIOR COURT .......... $.............
3. Total chiropractic expenses .................... FILED .......... $.............
4. Total physical therapy expenses ........... JUL 6 2007 .......... $.............
5. Total other expenses (describe) ........................... Brian P. Lees .......... Subtotal $.............
B. Documented lost wages and compensation to date ...... CLERK MAGISTRATE .......... $.............
C. Documented property damages to date ........................... $.............
D. Reasonably anticipated future medical and hospital expenses ........................... $.............
E. Reasonably anticipated lost wages ........................... $.............
F. Other documented items of damages (describe)
    $.............

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

A true copy.

Attest:    *Donna M. Diehl*
    Assistant Clerk    TOTAL: $.............
Deputy

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): Deceptive Trade, not posting Payment, Excessive Fees, Addition Fees

    TOTAL    $.............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 7-6-07

A.O.S.C. 1-2000

## CIVIL ACTION COVER SHEET INSTRUCTIONS
### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**°CONTRACT**

| A01 | Services, Labor and Materials | (F) |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth or Municipality | (A) |

**°TORT**

| B03 | Motor Vehicle Negligence-personal injury/property damage | (F) |
| B04 | Other Negligence-personal injury/property damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice-Medical | (A) |
| B07 | Malpractice-Other (Specify) | (A) |
| B08 | Wrongful Death, G.L. c.229, s.2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury- slip & fall | (F) |
| B21 | Environmental | (A) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth or Municipality | (A) |

**°REAL PROPERTY**

| C01 | Land Taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L. c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth or Municipality | (A) |

**EQUITABLE REMEDIES**

| D01 | Specific Performance of Contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L. c. 231A | (A) |
| D99 | Other (Specify) | (F) |

**MISCELLANEOUS**

| E02 | Appeal from Administrative Agency G.L. c. 30A | (X) |
| E03 | Claims against Commonwealth or Municipality | (A) |
| E05 | Confirmation of Arbitration Awards | (X) |
| E07 | G.L. c.112, s.12S (Mary Moe) | (X) |
| E08 | Appointment of Receiver | (X) |
| E09 | General Contractor bond, G.L. c. 149, ss. 29, 29a | (A) |
| E11 | Worker's Compensation | (X) |
| E12 | G.L.c.123A, s.12 (SDP Commitment) | (X) |
| E14 | G.L. c. 123A, s. 9 (SDP Petition) | |
| E15 | Abuse Petition, G. L. c. 209A | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L. c.12, s. 11H | (A) |
| E18 | Foreign Discovery Proceeding | (X) |
| E19 | Sex Offender Registry G.L. c. 178M, s. 6 | (X) |
| E25 | Plural Registry (Asbestos cases) | |
| E95 | **Forfeiture G.L. c. 94C, s. 47 | (F) |
| E96 | Prisoner Cases | (F) |
| E97 | Prisoner Habeas Corpus | (X) |
| E99 | Other (Specify) | (X) |

A true copy.

Attest:

_[signature]_  Assistant Clerk

\*    **Claims against the Commonwealth or a municipality are type E03, Average Track, cases.**
\*\*   **Claims filed by the Commonwealth pursuant to G L c 94C, s 47 Forfeiture cases are type E95, Fast track.**

### TRANSFER YOUR SELECTION TO THE FACE SHEET.

### EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [ X ] Yes    [  ] |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT. FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.**

**Commonwealth of Massachusetts**
**Brian P. Lees, Clerk of the Courts**
**Hampden Superior Court**
**Hall of Justice**
**50 State Street, P O Box 559**
**Springfield, MA 01102-0559**

CIVIL DOCKET# **HDCV2007-00662**

RE:   **Schebel Jr v Deutsche Bank National Trust et al**

TO:   Martha Coakley, Attorney General
      Consumer Protection Division
      One Ashburton Place
      Boston, MA 02108-1698

### NOTICE OF COMPLAINT/JUDGMENT FILED UNDER CHAP. 93A

_____

Enclosed is a copy of the Complaint/*Judgment in the above entitled action seeking relief pursuant to G.L. Chap. 93A, filed on **07/06/2007**  in the Hampden Superior Court.

Dated at Springfield, Massachusetts this 10th day of July, 2007.

                                        Brian P. Lees,
                                        Clerk of the Courts

                              By:

                              Donna M. Liebel
                              Deputy Assistant Clerk

ENC.

cc: Rosemary Tarantino
    File

A true copy.

Attest:

Deputy Assistant Clerk

cvdnot93A_.wpd 806154 inidoc01 liebelde

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DIVISION

Civil No.      07    662

JOSEPH F. SCHEBEL JR.,                    )
                                          )
     Plaintiff,                         )
                                          )
     v.                                 )
                                          )
DEUTSCHE BANK NATIONAL TRUST;             )
     Trustee of Ameriquest,             )
                                          )
ACC CAPITAL HOLDINGS;                     )
  a Delaware corporation,                )
                                          )
AMERIQUEST MORTGAGE COMPANY;              )
  A subsidiary of ACC Capital            )
     Holding Corporation,               )
                                          )
AMC MORTGAGE SERVICES;                    )
  A subsidiary of ACC Capital            )
     Holding Corporation,               )
                                          )
       and                           )
                                          )
Roland Arnall,                            )
                                          )
     Defendants,                        )
                                          )

HAMPDEN COUNTY
SUPERIOR COURT
FILED
JUL - 6 2007
CLERK-MAGISTRATE

MOTION FOR EMERGENCY EX PARTE
TEMPORARY RESTRAINING ORDER

Joseph F. Schebel, Jr. ("Plaintiff") moves for an ex parte
temporary restraining order, as reflected in the complaint
for equitable relief in this action. In support thereof,
Plaintiff relies on the allegations of the Complaint and
the attached affidavit of Plaintiff Joseph F. Schebel Jr.

Plaintiff states that his complaint through discovery this
Honorable Court will learn that:

1. Defendants failed to provide Plaintiff a three day
   right to rescind;

2. The defendants started foreclosure proceedings against
   the Plaintiff scheduled for July 11, 2007(exhibit
   "1");

3. Through the Defendants own records that in 2006 the
   Plaintiff paid the Defendants $16,932.34 in interest
   and although the Plaintiffs monthly mortgage was
   $1,158.69, he was paying the Defendants $1411.02 per
   month in interest alone (exhibit "2");

4. Through the Defendants own records that in 2006 the
   Defendants charged the Plaintiff $2,417.00 for hazard
   insurance (place insurance) (exhibit "2");

5. Through the Defendants own records that the Defendants
   failed to properly post and credit Plaintiff with
   payments made;

6. the Defendants have a long history of violating and
   that Commonwealth of Massachusetts Attorney General
   Thomas F. Reilly in a January 24,2006 article in the
   Boston Globe warned consumers about doing business
   with Ameriquest (exhibit "3");

7. That the Commonwealth of Massachusetts participated in
   a class action suit against Ameriquest;

8. That Schebel has in good faith tried to negotiate;

9. the Defendants in January 2006 settled with 49 state
   attorney generals and that the Plaintiff has been
   contacted in regards to this settlement;

In further support that this is an emergency matter to
preserve the status quo, Plaintiff states that if a
temporary restraining order does not issue, Plaintiff and
his son, will be put out of their only home on Wednesday,
July 11, 2007, resulting in the loss of the home and only
residence of the plaintiff, and thus leaving plaintiff
homeless.  Plaintiff is capable and willing party to

satisfy and cure financial obligation in terms of the mortgage at issue.

Accordingly, Plaintiff moves that a temporary restraining order issue in accordance with the Complaint returnable to the Court by, July _____, 2007 or such other time as the Court shall direct.

_____
Joseph F. Schebel Jr./pro se
71 Columbia Dr.
Feeding Hills, Ma. 01030
413-789-7515

Dated: July 6, 20007

## CERTIFICATE OF SERVICE

I hereby certify that the above MOTION FOR EMERGENCY EX PARTE TEMPORARY RESTRAINING ORDER is being served within the time required by Superior Court Standing Order No. 1-88 or by leave of the Regional Administrative Justice. I further certify that I served a true copy of this document upon the attorney of record for each party by facsimile transmittal to a number provided by the defendant's attorney of record on papers filed in court and also by first class mail, postage prepaid on Friday July 6, 2007, to Ablitt & Charlton, P.C. 92 Montvale Avenue, Suite 2950, Stoneham, Massachusetts 02180.

A true copy.

Attest: _____
Deputy      Assistant Clerk