**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION (SPRINGFIELD)**

| | |
|---|---|
| JOSEPH F. SCHEBEL, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DEUTSCHE BANK NATIONAL TRUST, as Trustee; | ) |
| ACC CAPITAL HOLDINGS CORPORATION; | ) CIVIL ACTION NO. 07-30135 (MAP) |
| AMERIQUEST MORTGAGE COMPANY; | ) |
| AMC MORTGAGE SERVICES, INC.; and | ) |
| ROLAND ARNALL, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**AMC MORTGAGE SERVICES, INC.'S**
**ANSWER TO COMPLAINT AND COUNTERCLAIM**

Defendant AMC Mortgage Services, Inc. ("AMC") hereby answers the Complaint for

Temporary Injunction and Other Equitable Relief and Monetary Civil Penalties ("Complaint")

brought by plaintiff Joseph F. Schebel, Jr. ("plaintiff").

Except as expressly admitted or denied herein below, AMC is without knowledge or

information sufficient to form a belief as to the truth of the allegations of each and every

paragraph of the Complaint.

**Introductory Statement**

1.      The allegations set forth in paragraph 1 of the Complaint are characterizations of

plaintiff's case or legal conclusions to which no response is required.  To the extent that a further

response is required, AMC denies the allegations set forth in paragraph 1 of the Complaint.

2.      The allegations set forth in paragraph 2 of the Complaint are characterizations of plaintiff's case or legal conclusions to which no response is required.  To the extent that a further response is required, AMC denies the allegations set forth in paragraph 2 of the Complaint.

## The Defendants

3.      AMC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4.      AMC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 4 of the Complaint.  AMC admits that it has serviced residential mortgage loans secured by property located in the Commonwealth of Massachusetts but otherwise denies the allegations set forth in the second sentence of paragraph 4 of the Complaint.

5.      AMC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6.      AMC admits that it is a wholly-owned subsidiary of ACC Capital Holdings Corporation ("ACC Capital Holdings") and that AMC has maintained a principal place of business in Orange, California.  AMC further admits that it has serviced some mortgages originated by Ameriquest Mortgage Company ("Ameriquest") but otherwise denies the allegations set forth in the second sentence of paragraph 6 of the Complaint.

7.      The allegations set forth in paragraph 7 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, AMC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8.      The allegations set forth in paragraph 8 of the Complaint are legal conclusions to which no response is required. To the extent that a further response is required, AMC denies the allegations set forth in paragraph 8 of the Complaint.

9.      AMC objects to plaintiff's collective treatment of ACC Capital Holdings, Ameriquest, and AMC. Each defendant is a separate and distinct entity, and plaintiff's collective treatment of them serves no purpose other than to cause confusion and obfuscate the differences between the entities. AMC further objects to plaintiff's attempt to include unnamed and unidentified "subsidiaries" in the definition of "Ameriquest." AMC answers the allegations set forth in the Complaint on behalf of itself and no other entity. The allegations set forth in paragraph 9 of the Complaint are characterizations of plaintiff's case or legal conclusions to which no response is required. To the extent that a response is required, AMC denies the allegations set forth in paragraph 9 of the Complaint.

10.     The allegations set forth in paragraph 10 of the Complaint are legal conclusions to which no response is required. To the extent that a further response is required, AMC denies the allegations set forth in paragraph 10 of the Complaint.

11.     The allegations set forth in paragraph 11 of the Complaint are legal conclusions to which no response is required. To the extent that a further response is required, AMC denies the allegations set forth in paragraph 11 of the Complaint.

12.     AMC admits that in the ordinary course of business, it has provided information to credit reporting agencies but otherwise denies the allegations set forth in the first sentence of paragraph 12 of the Complaint. The allegations in the second sentence of paragraph 12 are legal conclusions to which no response is required. To the extent that a further response is required, AMC denies the allegations set forth in the second sentence of paragraph 12 of the Complaint.

## Commerce

13.     The allegations set forth in paragraph 13 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, AMC denies the allegations set forth in paragraph 13 of the Complaint.

## Defendants' Business Practices

14.     AMC objects to the plaintiff's characterization and definition of the "sub-prime market" in paragraph 14 of the Complaint as vague and ambiguous.  AMC admits that it has serviced residential mortgage loans.  The remaining allegations are characterizations of plaintiff's case to which no response is required.  To the extent that a further response is required, AMC denies the remaining allegations set forth in paragraph 14 of the Complaint.

15.     AMC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16.     AMC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17.     AMC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18.     AMC admits that it has serviced some of the residential mortgage loans originated by Ameriquest, including plaintiff's mortgage loan originated by Ameriquest.  The remaining allegations set forth in paragraph 18 of the Complaint are characterizations of plaintiff's case or legal conclusions to which no response is required.  To the extent that a further response is required, AMC denies the remaining allegations set forth in paragraph 18 of the Complaint.

19.     The allegations set forth in paragraph 19 of the Complaint are characterizations of plaintiff's case or legal conclusions to which no response is required.  To the extent that a further response is required, AMC denies the allegations set forth in paragraph 19 of the Complaint.

20.     AMC admits that under the terms of plaintiff's mortgage originated by Ameriquest, plaintiff was required to maintain a homeowner's insurance policy on the subject property. The remaining allegations set forth in paragraph 20 of the Complaint are characterizations of plaintiff's case to which no response is required. To the extent that a further response is required, AMC denies the remaining allegations set forth in paragraph 20 of the Complaint.

21.     The allegations set forth in paragraph 21 of the Complaint are characterizations of plaintiff's case to which no response is required. To the extent that a further response is required, AMC denies the allegations set forth in paragraph 21 of the Complaint.

22.     AMC admits that residential mortgage loans it has serviced have due dates and grace periods after which a late fee may be charged if a payment has not been made by the borrower. AMC denies the remainder of the allegations set forth in paragraph 22 of the Complaint.

23.     The allegations set forth in paragraph 23 of the Complaint are characterizations of plaintiff's case to which no response is required. To the extent that a further response is required, AMC denies the allegations set forth in paragraph 23 of the Complaint.

24.     The allegations set forth in paragraph 24 of the Complaint are characterizations of plaintiff's case to which no response is required. To the extent that a further response is required, AMC denies the allegations set forth in paragraph 24 of the Complaint.

25.     The allegations set forth in paragraph 25 of the Complaint are characterizations of plaintiff's case to which no response is required. To the extent that a further response is required, AMC denies the allegations set forth in paragraph 25 of the Complaint.

26.     AMC denies the allegations set forth in paragraph 26 of the Complaint.

27.    AMC admits that it has charged borrowers certain fees that are consistent with the terms of a borrower's mortgage note and that are compliant with all applicable laws.  The remainder of the allegations set forth in paragraph 27 of the Complaint are characterizations of plaintiff's case to which no response is required.  To the extent that a response is required, AMC denies the remaining allegations set forth in paragraph 27 of the Complaint.

28.    AMC denies the allegations set forth in paragraph 28 of the Complaint.

29.    AMC denies the allegations set forth in paragraph 29 of the Complaint.

30.    AMC denies the allegations set forth in paragraph 30 of the Complaint.

31.    AMC denies the allegations set forth in paragraph 31 of the Complaint.

## Federal Trade Commission Act Violations

### Count I: Failure to Properly Post Defendants' Payments

32.    AMC repeats and incorporates by reference its answers to all paragraphs above as if fully restated herein.

33.    AMC denies the allegations set forth in paragraph 33 of the Complaint.

34.    AMC denies the allegations set forth in paragraph 34 of the Complaint.

35.    The allegations set forth in paragraph 35 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, AMC denies the allegations set forth in paragraph 35 of the Complaint.

### Count II: Unfair and Deceptive Force Placement of Insurance

36.    AMC repeats and incorporates by reference its answers to all paragraphs above as if fully restated herein.

37.    AMC denies the allegations set forth in paragraph 37 of the Complaint.

38.    AMC denies the allegations set forth in paragraph 38 of the Complaint.

39.    The allegations set forth in paragraph 39 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, AMC denies the allegations set forth in paragraph 39 of the Complaint.

### Count III: Misrepresentation of Amounts Owed

40.    AMC repeats and incorporates by reference its answers to all paragraphs above as if fully restated herein.

41.    AMC admits that at various times, it has communicated to plaintiff the current amount due on his loan.  The remainder of the allegations set forth in paragraph 41 of the Complaint are characterizations of plaintiff's case to which no response is required.  To the extent that a response is required, AMC denies the allegations set forth in paragraph 41 of the Complaint.

42.    AMC denies the allegations set forth in paragraph 42 of the Complaint.

43.    The allegations set forth in paragraph 43 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, AMC denies the allegations set forth in paragraph 43 of the Complaint.

### Count IV: Unfair and Deceptive Assessment and Collection of Fees

44.    AMC repeats and incorporates by reference its answers to all paragraphs above as if fully restated herein.

45.    The allegations set forth in paragraph 45 of the Complaint are characterizations of plaintiff's case to which no response is required.  To the extent that a response is required, AMC denies the allegations set forth in paragraph 45 of the Complaint.

46.    The allegations set forth in paragraph 46 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, AMC denies the allegations set forth in paragraph 46 of the Complaint.

47.    AMC denies the allegations set forth in paragraph 47 of the Complaint.

48.    The allegations set forth in paragraph 48 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, AMC denies the allegations set forth in paragraph 48 of the Complaint.

### Count V: Failure to Provide Three Day Right to Rescind

49.    AMC repeats and incorporates by reference its answers to all paragraphs above as if fully restated herein.

50.    AMC denies the allegations set forth in paragraph 50 of the Complaint.

51.    AMC denies the allegations set forth in paragraph 51 of the Complaint.

52.    The allegations set forth in paragraph 52 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, AMC denies the allegations set forth in paragraph 52 of the Complaint.

### Violations of the Fair Debt Collection Practices Act

### Count VI: False, Deceptive, or Misleading Representations

53.    AMC repeats and incorporates by reference its answers to all paragraphs above as if fully restated herein.

54.    The allegations set forth in paragraph 54 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is required, AMC denies the allegations set forth in paragraph 54 of the Complaint.

55.    The allegations set forth in paragraph 55 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, AMC denies the allegations set forth in paragraph 55 of the Complaint.

**Count VII: Unfair or Unconscionable Debt Collections**

56.    AMC repeats and incorporates by reference its answers to all paragraphs above as if fully restated herein.

57.    AMC denies the allegations set forth in paragraph 57 of the Complaint.

58.    The allegations set forth in paragraph 58 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, AMC denies the allegations set forth in paragraph 58 of the Complaint.

**Count VIII: Failure to Notify To Right to Dispute Debt**

59.    AMC repeats and incorporates by reference its answers to all paragraphs above as if fully restated herein.

60.    AMC denies the allegations set forth in paragraph 60 of the Complaint.

61.    The allegations set forth in paragraph 61 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, AMC denies the allegations set forth in paragraph 61 of the Complaint.

**Violations of the Fair Credit Reporting Act**

**Count IX: Inaccurate Reporting of Information**

62.    AMC repeats and incorporates by reference its answers to all paragraphs above as if fully restated herein.

63.    AMC denies the allegations set forth in paragraph 63 of the Complaint.

64.    The allegations set forth in paragraph 64 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, AMC denies the allegations set forth in paragraph 64 of the Complaint.

65.     The allegations set forth in paragraph 65 of the Complaint are legal conclusions to which no response is required. To the extent that a further response is required, AMC denies the allegations set forth in paragraph 65 of the Complaint.

**Count X: Comply to Report Transaction to Credit Reporting Agencies**

66.     AMC repeats and incorporates by reference its answers to all paragraphs above as if fully restated herein.

67.     AMC admits that in the ordinary course of business, it provides information to credit reporting agencies. The remaining allegations set forth in paragraph 67 of the Complaint are legal conclusions to which no response is required. To the extent that a further response is required, AMC denies the remaining allegations set forth in paragraph 67 of the Complaint.

68.     AMC denies the allegations set forth in paragraph 68 of the Complaint.

69.     The allegations set forth in paragraph 69 of the Complaint are legal conclusions to which no response is required. To the extent that a further response is required, AMC denies the allegations set forth in paragraph 69 of the Complaint.

70.     The allegations set forth in paragraph 70 of the Complaint are legal conclusions to which no response is required. To the extent that a further response is required, AMC denies the allegations set forth in paragraph 70 of the Complaint.

**Count XI: Failure to Report Disputes by Consumer**

71.     AMC repeats and incorporates by reference its answers to all paragraphs above as if fully restated herein.

72.     AMC denies the allegations in paragraph 72 of the Complaint.

73.     The allegations set forth in paragraph 73 of the Complaint are legal conclusions to which no response is required. To the extent that a further response is required, AMC denies the allegations set forth in paragraph 73 of the Complaint.

74.    The allegations set forth in paragraph 74 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, AMC denies the allegations set forth in paragraph 74 of the Complaint.

**Real Estate Settlement Procedures Act Violations**

**Count XII: Failure to Properly Service Mortgage Loan**

75.    AMC repeats and incorporates by reference its answers to all paragraphs above as if fully restated herein.

76.    The allegations set forth in paragraph 76 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, AMC denies the allegations set forth in paragraph 76 of the Complaint.

**Civil Penalties for Violations of the FDCPA**

77.    The allegations set forth in paragraph 77 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, AMC denies the allegations set forth in paragraph 77 of the Complaint.

78.    The allegations set forth in paragraph 78 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, AMC denies the allegations set forth in paragraph 78 of the Complaint.

79.    The allegations set forth in paragraph 79 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, AMC denies the allegations set forth in paragraph 79 of the Complaint.

**Civil Penalties for Violations of the FCRA**

80.    The allegations set forth in paragraph 80 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, AMC denies the allegations set forth in paragraph 80 of the Complaint.

81.     The allegations set forth in paragraph 81 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, AMC denies the allegations set forth in paragraph 81 of the Complaint.

## Consumer Injury

82.     The allegations set forth in paragraph 82 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, AMC denies the allegations set forth in paragraph 82 of the Complaint.

## Terms Court's Power to Grant Relief

83.     The allegations set forth in paragraph 83 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, AMC denies the allegations set forth in paragraph 83 of the Complaint.

84.     The allegations set forth in paragraph 84 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, AMC denies the allegations set forth in paragraph 84 of the Complaint.

## Prayer for Relief

The remainder of the Complaint contains a prayer for relief to which AMC is not required to respond.  To the extent that a further response is required, AMC denies that plaintiff is entitled to any of the forms of relief requested.

## AFFIRMATIVE DEFENSES

## First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted against AMC.

## Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of release, waiver, estoppel, acquiescence, and ratification.

## Third Affirmative Defense

Plaintiff's claims are barred by the applicable statute of limitations.

## Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because he has failed to mitigate his damages.

## Fifth Affirmative Defense

If plaintiff suffered an injury, which AMC denies, such injury was caused by the conduct of others for whose conduct AMC is not responsible.

## Sixth Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands and laches.

## Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because he is a member of a prior settlement or class that released some or all claims alleged by plaintiff.

## Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because plaintiff has failed to meet the jurisdictional prerequisites for maintaining a claim under Mass. Gen. Laws ch. 93A.

## Ninth Affirmative Defense

AMC is not liable for any claims by plaintiff because AMC's conduct at all times complied with and was made in good faith conformity with all applicable contracts, covenants, laws, rules, regulations, and statutes.

**Tenth Affirmative Defense**

AMC gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend its Answer and assert such defenses.

WHEREFORE, defendant AMC Mortgage Services, Inc. respectfully requests that the Court:

A.    Enter judgment in AMC's favor on all counts of the Complaint;

B.    Dismiss the Complaint with prejudice;

C.    Award AMC's its costs and expenses, including attorneys' fees, incurred in this action; and

D.    Grant such other relief as the Court deems just and proper.

**COUNTERCLAIM**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, defendant/counterclaimant AMC Mortgage Services, Inc. ("AMC") hereby brings this Counterclaim against plaintiff/defendant-in-counterclaim Joseph F. Schebel, Jr. ("plaintiff") and states:

1.    AMC is a corporation organized under the laws of the State of Delaware that has maintained a principal place of business in the State of California and has been qualified to do business in the Commonwealth of Massachusetts.

2.    Upon information and belief, plaintiff resides in Feeding Hills, Massachusetts.

3.    On or about October 23, 2004, plaintiff obtained a residential mortgage loan from Ameriquest Mortgage Company ("Ameriquest") in connection with property located at 71 Columbia Drive, Feeding Hills, Hampden County, Massachusetts.

4.      On or about July 6, 2007, plaintiff filed a Complaint for Temporary Injunction and Other Equitable Relief and Monetary Civil Penalties (the "Complaint") against Ameriquest, AMC, ACC Capital Holdings Corporation, Deutsche Bank National Trust Company, as Trustee, and Roland Arnall (collectively "defendants"), alleging violations of the Fair Credit Reporting Act, the Real Estate Settlement Practices Act, the Fair Debt Collection Practices Act, the Federal Trade Commission Act, and Massachusetts General Laws Chapter 93A.  Plaintiff further alleges that defendants failed to allow plaintiff a purported three-day right to rescind the subject loan, a failure for which plaintiff appears to seek rescission of his loan.

5.      Plaintiff's claims are without merit, and he is not entitled to rescind his loan under any statute or regulation, including, without limitation, Massachusetts General Laws Chapter 93A and 15 U.S.C. § 45(a).

## COUNT I - DECLARATORY JUDGMENT PURSUANT TO DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201

6.      AMC repeats and realleges the allegations set forth in paragraphs 1 through 5 above as if fully restated herein.

7.      By virtue of plaintiff's Complaint, an actual controversy has arisen and exists between AMC and plaintiff regarding whether he has a right to rescind the subject mortgage loan transaction under Massachusetts General Laws Chapter 93A, 15 U.S.C. § 45(a), or any other statute or regulation.

8.      Plaintiff alleges that AMC failed to allow plaintiff a purported three-day right to rescind the subject loan.

9.      Plaintiff has no basis for rescission of the subject loan.

10.      AMC hereby seeks a declaration of the rights, duties, and liabilities of the parties with respect to plaintiff's Complaint concerning rescission of his loan, including, without

limitation, a declaration that plaintiff is not entitled to rescind the subject mortgage loan transaction, that he has no cognizable claim against AMC, that AMC had no duty to provide a notice of right to rescind the loan, and that AMC has no duty to effect a rescission of the loan.

## RELIEF REQUESTED

WHEREFORE, defendant/counterclaimant AMC Mortgage Services, Inc. respectfully requests that the Court:

A.    Enter a declaration that plaintiff/defendant-in-counterclaim is not entitled to rescind his mortgage loan, that he has no cognizable claim against AMC, that AMC had no duty to provide a notice of right to rescind the loan, and that AMC has no duty to effect a rescission of the loan, or alternatively, that any such rescission should require a mutual exchange of monies and property by the parties through escrow; and

B.    Grant such other relief as the Court deems just and proper.

AMC MORTGAGE SERVICES, INC.,

By its attorneys,

*s/ David D. Christensen*

R. Bruce Allensworth (BBO #015820)
Andrew C. Glass (BBO #638362)
David M. Glynn (BBO #650964)
David D. Christensen (BBO #666401)
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel: 617.261.3100
Fax: 617.261.3175
bruce.allensworth@klgates.com
andrew.glass@klgates.com
david.glynn@klgates.com
Dated: September 28, 2007                   david.christensen@klgates.com

## CERTIFICATE OF SERVICE

I hereby certify that this *Answer to Complaint and Counterclaim* filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on September 28, 2007.

s/ David D. Christensen
David D. Christensen