**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION (SPRINGFIELD)**

| | |
|---|---|
| JOSEPH F. SCHEBEL, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DEUTSCHE BANK NATIONAL TRUST, | ) |
| as Trustee; | ) |
| ACC CAPITAL HOLDINGS | ) CIVIL ACTION NO. 07-30135 (MAP) |
| CORPORATION; | ) |
| AMERIQUEST MORTGAGE | ) |
| COMPANY; | ) |
| AMC MORTGAGE SERVICES, INC.; | ) |
| and | ) |
| ROLAND ARNALL, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEUTSCHE BANK NATIONAL TRUST'S, AS TRUSTEE**
**ANSWER TO COMPLAINT AND COUNTERCLAIM**

Defendant Deutsche Bank National Trust, as Trustee ("Deutsche Bank, as trustee"),

hereby answers the Complaint for Temporary Injunction and Other Equitable Relief and

Monetary Civil Penalties ("Complaint") brought by plaintiff Joseph F. Schebel, Jr. ("plaintiff").

Except as expressly admitted or denied herein below, Deutsche Bank, as trustee, is

without knowledge or information sufficient to form a belief as to the truth of the allegations of

each and every paragraph of the Complaint.

**Introductory Statement**

1.     The allegations set forth in paragraph 1 of the Complaint are characterizations of

plaintiff's case or legal conclusions to which no response is required.  To the extent that a further

response is required, Deutsche Bank, as trustee, denies the allegations set forth in paragraph 1 of the Complaint.

2.      The allegations set forth in paragraph 2 of the Complaint are characterizations of plaintiff's case or legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank, as trustee, denies the allegations set forth in paragraph 2 of the Complaint.

<u>**The Defendants**</u>

3.      Deutsche Bank, as trustee, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4.      Deutsche Bank, as trustee, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5.      Deutsche Bank, as trustee, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6.      Deutsche Bank, as trustee, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7.      Deutsche Bank, as trustee, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8.      Deutsche Bank, as trustee, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9.      Deutsche Bank, as trustee, objects to the extent plaintiff includes Deutsche Bank, as trustee, within the definition of "defendants" or "Ameriquest."  Each defendant is a separate and distinct entity, and plaintiff's collective treatment serves no purpose other than to cause confusion and obfuscate the differences between the entities.  Deutsche Bank, as trustee, further objects to plaintiff's attempt to include unnamed and unidentified "subsidiaries" in the definition

of "Ameriquest."  Deutsche Bank answers the allegations set forth in the Complaint on behalf of itself and no other entity.  The allegations set forth in paragraph 9 of the Complaint are characterizations of plaintiff's case or legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank, as trustee, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10.     The allegations set forth in paragraph 10 of the Complaint are legal conclusions to which no response is required.  To the extent a that further response is required, Deutsche Bank, as trustee, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11.     The allegations set forth in paragraph 11 of the Complaint are legal conclusions to which no response is required.  To the extent a that further response is required, Deutsche Bank, as trustee, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12.     Deutsche Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 12.  The allegations set forth in the second sentence of paragraph 12 are legal conclusions to which no response is required.  To the extent that further response is required, Deutsche Bank, as trustee, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph 12 of the Complaint.

<u>Commerce</u>

13.     The allegations set forth in paragraph 13 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank,

as trustee, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

**Defendants' Business Practices**

14.     The allegations set forth in paragraph 14 of the Complaint are characterizations of plaintiff's case to which no response is required.  Deutsche Bank, as trustee, objects to the plaintiff's characterization and definition of the "sub-prime market" as vague and overbroad.  To the extent that a further response is required, Deutsche Bank, as trustee, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15.     Deutsche Bank, as trustee, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16.     Deutsche Bank, as trustee, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17.     Deutsche Bank, as trustee, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18.     Deutsche Bank, as trustee, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19.     Deutsche Bank, as trustee, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20.     Deutsche Bank, as trustee, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21.     Deutsche Bank, as trustee, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22.     Deutsche Bank, as trustee, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23.     Deutsche Bank, as trustee, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.

24.     Deutsche Bank, as trustee, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25.     Deutsche Bank, as trustee, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

26.     Deutsche Bank, as trustee, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27.     Deutsche Bank, as trustee, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

28.     Deutsche Bank, as trustee, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29.     Deutsche Bank, as trustee, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint.

30.     Deutsche Bank, as trustee, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint.

31.     Deutsche Bank, as trustee, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

### Federal Trade Commission Act Violations

### Count I: Failure to Properly Post Defendants' Payments

32.     Deutsche Bank, as trustee, repeats and incorporates by reference its answers to all paragraphs above as if fully restated herein.

33.     Deutsche Bank, as trustee, denies the allegations set forth in paragraph 33 of the Complaint.

34.     Deutsche Bank, as trustee, denies the allegations set forth in paragraph 34 of the Complaint.

35.     The allegations set forth in paragraph 35 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank, as trustee, denies the allegations set forth in paragraph 35 of the Complaint.

## Count II: Unfair and Deceptive Force Placement of Insurance

36.     Deutsche Bank, as trustee, repeats and incorporates by reference its answers to all paragraphs above as if fully restated herein.

37.     Deutsche Bank, as trustee, is without knowledge or information sufficient to form a belief as to the truth of  the allegations set forth in paragraph 37 of the Complaint.

38.     Deutsche Bank, as trustee, denies the allegations set forth in paragraph 38 of the Complaint.

39.     The allegations set forth in paragraph 39 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank, as trustee, denies the allegations set forth in paragraph 39 of the Complaint.

## Count III: Misrepresentation of Amounts Owed

40.     Deutsche Bank, as trustee, repeats and incorporates by reference its answers to all paragraphs above as if fully restated herein.

41.     Deutsche Bank, as trustee, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint.

42.     Deutsche Bank, as trustee, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.

43.     The allegations set forth in paragraph 43 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank, as trustee, denies the allegations set forth in paragraph 43 of the Complaint.

## Count IV: Unfair and Deceptive Assessment and Collection of Fees

44.     Deutsche Bank, as trustee, repeats and incorporates by reference its answers to all paragraphs above as if fully restated herein.

45.     The allegations set forth in paragraph 45 of the Complaint are characterizations of plaintiff's case to which no response is required.  To the extent that a further response is required, Deutsche Bank, as trustee, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint.

46.     The allegations set forth in paragraph 46 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank, as trustee, is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint.

47.     Deutsche Bank, as trustee, denies the allegations set forth in paragraph 47 of the Complaint.

48.     The allegations set forth in paragraph 48 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank, as trustee, denies the allegations set forth in paragraph 48 of the Complaint.

## Count V: Failure to Provide Three Day Right to Rescind

49.     Deutsche Bank, as trustee, repeats and incorporates by reference its answers to all paragraphs above as if fully restated herein.

50.     Deutsche Bank, as trustee, is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint.

51.     Deutsche Bank, as trustee, denies the allegations set forth in paragraph 51 of the Complaint.

52.     The allegations set forth in paragraph 52 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank, as trustee, denies the allegations set forth in paragraph 52 of the Complaint.

### Violations of the Fair Debt Collection Practices Act

### Count VI: False, Deceptive, or Misleading Representations

53.     Deutsche Bank, as trustee, repeats and incorporates by reference its answers to all paragraphs above as if fully restated herein.

54.     The allegations set forth in paragraph 54 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required Deutsche Bank, as trustee, denies the allegations set forth in paragraph 54 of the Complaint.

55.     The allegations set forth in paragraph 55 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required Deutsche Bank, as trustee, denies the allegations set forth in paragraph 55 of the Complaint.

### Count VII: Unfair or Unconscionable Debt Collections

56.     Deutsche Bank, as trustee, repeats and incorporates by reference its answers to all paragraphs above as if fully restated herein.

57.     Deutsche Bank, as trustee, denies the allegations set forth in paragraph 57 of the Complaint.

58.     The allegations set forth in paragraph 58 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required Deutsche Bank, as trustee, denies the allegations set forth in paragraph 58 of the Complaint.

**Count VIII: Failure to Notify To Right to Dispute Debt**

59.    Deutsche Bank, as trustee, repeats and incorporates by reference its answers to all paragraphs above as if fully restated herein.

60.    Deutsche Bank, as trustee, denies the allegations set forth in paragraph 60 of the Complaint.

61.    The allegations set forth in paragraph 61 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required Deutsche Bank, as trustee, denies the allegations set forth in paragraph 61 of the Complaint.

**Violations of the Fair Credit Reporting Act**

**Count IX: Inaccurate Reporting of Information**

62.    Deutsche Bank, as trustee, repeats and incorporates by reference its answers to all paragraphs above as if fully restated herein.

63.    Deutsche Bank, as trustee, denies the allegations set forth in paragraph 63 of the Complaint.

64.    The allegations set forth in paragraph 64 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required Deutsche Bank, as trustee, denies the allegations set forth in paragraph 64 of the Complaint.

65.    The allegations set forth in paragraph 65 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required Deutsche Bank, as trustee, denies the allegations set forth in paragraph 65 of the Complaint.

**Count X: Comply to Report Transaction to Credit Reporting Agencies**

66.    Deutsche Bank, as trustee, repeats and incorporates by reference its answers to all paragraphs above as if fully restated herein.

67.     The allegations set forth in paragraph 67 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank, as trustee, denies the allegations set forth in paragraph 67 of the Complaint.

68.     Deutsche Bank, as trustee, denies the allegations set forth in paragraph 68 of the Complaint.

69.     The allegations set forth in paragraph 69 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank, as trustee, denies the allegations set forth in paragraph 69 of the Complaint.

70.     The allegations set forth in paragraph 70 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank, as trustee, denies the allegations set forth in paragraph 70 of the Complaint.

## Count XI: Failure to Report Disputes by Consumer

71.     Deutsche Bank, as trustee, repeats and incorporates by reference its answers to all paragraphs above as if fully restated herein.

72.     Deutsche Bank, as trustee, denies the allegations set forth in paragraph 72 of the Complaint.

73.     The allegations set forth in paragraph 73 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank, as trustee, denies the allegations set forth in paragraph 73 of the Complaint.

74.     The allegations set forth in paragraph 74 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank, as trustee, denies the allegations set forth in paragraph 74 of the Complaint.

**Real Estate Settlement Procedures Act Violations**

**Count XII: Failure to Properly Service Mortgage Loan**

75.     Deutsche Bank, as trustee, repeats and incorporates by reference its answers to all paragraphs above as if fully restated herein.

76.     The allegations set forth in paragraph 76 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank, as trustee, denies the allegations set forth in paragraph 76 of the Complaint.

**Civil Penalties for Violations of the FDCPA**

77.     The allegations set forth in paragraph 77 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank, as trustee, denies the allegations set forth in paragraph 77 of the Complaint.

78.     The allegations set forth in paragraph 78 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank, as trustee, denies the allegations set forth in paragraph 78 of the Complaint.

79.     The allegations set forth in paragraph 79 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank, as trustee, denies the allegations set forth in paragraph 79 of the Complaint.

**Civil Penalties for Violations of the FCRA**

80.     The allegations set forth in paragraph 80 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank, as trustee, denies the allegations set forth in paragraph 80 of the Complaint.

81.     The allegations set forth in paragraph 81 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank, as trustee, denies the allegations set forth in paragraph 81 of the Complaint.

### Consumer Injury

82.    The allegations set forth in paragraph 82 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank, as trustee, denies the allegations set forth in paragraph 82 of the Complaint.

### Terms Court's Power to Grant Relief

83.    The allegations set forth in paragraph 83 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank, as trustee, denies the allegations set forth in paragraph 83 of the Complaint.

84.    The allegations set forth in paragraph 84 of the Complaint are legal conclusions to which no response is required.  To the extent that a further response is required, Deutsche Bank, as trustee, denies the allegations set forth in paragraph 84 of the Complaint.

### Prayer for Relief

The remainder of the Complaint contains a prayer for relief to which Deutsche Bank, as trustee, is not required to respond.  To the extent that a further response is required, Deutsche Bank, as trustee, denies that plaintiff is entitled to any of the forms of relief requested.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Deutsche Bank, as trustee.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of release, waiver, estoppel, acquiescence, and ratification.

### Third Affirmative Defense

Plaintiff's claims are barred by the applicable statute of limitations.

## Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because he has failed to mitigate his damages.

## Fifth Affirmative Defense

If plaintiff suffered an injury, which Deutsche Bank, as trustee, denies, such injury was caused by the conduct of others for whose conduct Deutsche Bank, as trustee, is not responsible.

## Sixth Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands and laches.

## Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because he is a member of a prior settlement or class that released some or all claims alleged by plaintiff.

## Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because plaintiff has failed to meet the jurisdictional prerequisites for maintaining a claim under Mass. Gen. Laws ch. 93A.

## Ninth Affirmative Defense

Deutsche Bank, as trustee, is not liable for any claims by plaintiff because Deutsche Bank's, as trustee, conduct at all times complied with and was made in good faith conformity with all applicable contracts, covenants, laws, rules, regulations, and statutes.

## Tenth Affirmative Defense

Deutsche Bank, as trustee, gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend its Answer and assert such defenses.

WHEREFORE, defendant Deutsche Bank National Trust, as trustee, respectfully requests that the Court:

A.     Enter judgment in Deutsche Bank's, as trustee, favor on all counts of the Complaint;

B.     Dismiss the Complaint with prejudice;

C.     Award Deutsche Bank, as trustee, its costs and expenses, including attorneys' fees, incurred in this action; and

D.     Grant such other relief as the Court deems just and proper.

## <u>COUNTERCLAIM</u>

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, defendant/counterclaimant Deutsche Bank National Trust, as Trustee ("Deutsche Bank, as trustee"), hereby brings this Counterclaim against plaintiff/defendant-in-counterclaim Joseph F. Schebel, Jr. ("plaintiff"), and states:

1.     Deutsche Bank, as trustee, states that it is a national banking association and that it maintains a place of business in the State of California at 1761 East Street, Santa Ana, California.

2.     Upon information and belief, plaintiff resides in Feeding Hills, Massachusetts.

3.     Upon information and belief, on or about October 23, 2004, plaintiff obtained a residential mortgage loan from Ameriquest Mortgage Company ("Ameriquest") in connection with property located at 71 Columbia Drive, Feeding Hills, Hampden County, Massachusetts.

4.     On or about July 6, 2007, plaintiff filed a Complaint for Temporary Injunction and Other Equitable Relief and Monetary Civil Penalties (the "Complaint") against Ameriquest, AMC Mortgage Services, Inc, ACC Capital Holdings Corporation, Deutsche Bank, as trustee,

and Roland Arnall (collectively, "defendants"), alleging violations of the Fair Credit Reporting

Act, the Real Estate Settlement Practices Act, the Fair Debt Collection Practices Act, the Federal

Trade Commission Act, and Massachusetts General Laws Chapter 93A.  Plaintiff further alleges

that defendants failed to allow plaintiff a purported three-day right to rescind the subject loan, a

failure for which plaintiff appears to seeks rescission of his loan.

5.       Plaintiff's claims are without merit, and he is not entitled to rescind his loan under

any statute or regulation, including, without limitation, Massachusetts General Laws Chapter

93A and 15 U.S.C. § 45(a).

### COUNT I - DECLARATORY JUDGMENT PURSUANT TO DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201

6.       Deutsche Bank, as trustee, repeats and realleges the allegations set forth in

paragraphs 1 through 5 above as if fully restated herein.

7.       By virtue of plaintiff's Complaint, an actual controversy has arisen and exists

between Ameriquest and plaintiff regarding whether he has a right to rescind the subject

mortgage loan transaction under Massachusetts General Laws Chapter 93A, 15 U.S.C. § 45(a),

or any other statute or regulation.

8.       Plaintiff alleges that Deutsche Bank, as trustee, failed to allow plaintiff a

purported three-day right to rescind the subject loan.

9.       Plaintiff has no basis for rescission of the subject loan.

10.      Deutsche Bank, as trustee, hereby seeks a declaration of the rights, duties, and

liabilities of the parties with respect to plaintiff's Complaint concerning rescission of his loan,

including, without limitation, a declaration that plaintiff is not entitled to rescind the subject

mortgage loan transaction, that Deutsche Bank, as trustee, had no duty to provide a notice of

right to rescind the loan, and that Deutsche Bank, as trustee, has no duty to effect a rescission of the loan.

## RELIEF REQUESTED

WHEREFORE, defendant/counterclaimant Deutsche Bank, as trustee, respectfully requests that the Court:

A.    Enter a declaration that plaintiff/defendant-in-counterclaim is not entitled to rescind his mortgage loan, that Deutsche Bank, as trustee, had no duty to provide a notice of right to rescind the loan, and that Deutsche Bank, as trustee, has no duty to effect a rescission of the loan, or alternatively, that any such rescission should require a mutual exchange of monies and property by the parties through escrow; and

B.    Grant such other relief as the Court deems just and proper.

DEUTSCHE BANK NATIONAL TRUST, as Trustee,

By its attorneys,

*s/ David D. Christensen*

R. Bruce Allensworth (BBO #015820)
Andrew C. Glass (BBO #638362)
David M. Glynn (BBO #650964)
David D. Christensen (BBO #666401)
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel: 617.261.3100
Fax: 617.261.3175
bruce.allensworth@klgates.com
andrew.glass@klgates.com
david.glynn@klgates.com
david.christensen@klgates.com

Dated: September 28, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this *Answer to Complaint and Counterclaim* filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on September 28, 2007.

*s/ David D. Christensen*

David D. Christensen