UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION (SPRINGFIELD)

| | |
|---|---|
| JOSEPH F. SCHEBEL, JR.,<br><br>          Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST,<br>as Trustee;<br>ACC CAPITAL HOLDINGS<br>CORPORATION;<br>AMERIQUEST MORTGAGE<br>COMPANY;<br>AMC MORTGAGE SERVICES, INC.;<br>and<br>ROLAND ARNALL,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 07-30135 (MAP)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT ROLAND ARNALL'S MOTION TO DISMISS

Defendant Roland Arnall ("Arnall") hereby submits this memorandum of law in support

of his motion to dismiss the Complaint for Temporary Injunction and Other Equitable Relief and

Monetary Civil Penalties ("Complaint") of plaintiff Joseph F. Schebel, Jr. ("plaintiff") pursuant

to Fed. R. Civ. P. 12(b)(2) and 12(b)(5).  The Court lacks personal jurisdiction over Arnall.  In

his Complaint plaintiff alleges that defendants Ameriquest Mortgage Company ("Ameriquest")

and AMC Mortgage Services, Inc. ("AMC") violated federal and state statutes in originating and

servicing a mortgage loan on plaintiff's house in Massachusetts.  The Complaint, however, is

devoid of allegations that would establish that the Court can exercise personal jurisdiction over

Arnall, nor can plaintiff meet his burden of demonstrating the existence of any such facts.  This

is unsurprising.  As set forth in detail below, Arnall has no contact with Massachusetts, much

less the minimum contacts necessary for the Court to exercise personal jurisdiction over him.  In addition, Arnall not was involved in either the origination or servicing of any loans, much less plaintiff's loan, and has no relationship with plaintiff in any way.  Accordingly, the Court should dismiss the Complaint for lack of personal jurisdiction.  Alternatively, the Court should dismiss the Complaint because plaintiff cannot establish that he has perfected service of process on Arnall.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are drawn from the allegations made in the Complaint or from information with respect to which the Court may take judicial notice.[1]

### A.    Plaintiff's Allegations

The Complaint alleges that Ameriquest and AMC, which services plaintiff's loan, violated federal and state statutes in originating and servicing the loan.[2]  The Complaint seeks actual and statutory damages as well as injunctive relief to rescind plaintiff's loan.  See Complaint, Counts I-XII, and Prayer for Relief, subparagraphs 1-5.  Nothing in the Complaint suggests how Arnall was involved in the alleged wrongdoing or could be responsible for the relief plaintiff seeks.

---

[1]    See, e.g., Negron-Torres v. Verizon Commc'ns, Inc., 478 F.3d 19, 23 (1st Cir. 2007) (court can consider extrinsic evidence in connection with disposing of dispute over personal jurisdiction).

[2]    Specifically, plaintiff alleges that the defendants violated the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(I)(A), and 53(b), the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. §§ 2605 and 2614, and Regulation X ("Regulation X"), 24 C.F.R. § 3500.21, promulgated by the United States Department of Housing and Urban Development.

**B.    Arnall's Lack Of Contact With Plaintiff Or Massachusetts**

Arnall is a citizen of the State of California and currently resides in the Netherlands where he serves as United States Ambassador.  Declaration of Roland Arnall ("Arnall Decl."), filed simultaneously herewith, at ¶ 1.  Arnall does not own, rent, or possess, nor has he ever owned, rented, or possessed, any property in the Commonwealth of Massachusetts.  Id. at ¶ 2. Arnall does not maintain, nor has he ever maintained, a residence in the Commonwealth of Massachusetts.  Id. at ¶ 3.  Arnall is not, nor has he ever been, registered to vote in Commonwealth of Massachusetts.  Id. at ¶ 4.   Arnall does not personally conduct, nor has he ever personally conducted, any business in the Commonwealth of Massachusetts.  Id. at ¶ 5. Arnall does not maintain, nor has he ever maintained, any bank accounts in Commonwealth of Massachusetts.  Id. at ¶ 6.

Arnall's only relationship with defendants in this action was as the trustee of the Roland and Dawn Arnall living trust, which in turn owns the shares of common stock of Ameriquest Capital Corporation, which is the parent company of ACC Capital Holdings Corporation, the parent company of Ameriquest Mortgage Company.  See id. at ¶ 7.  Arnall was not involved in either the origination or servicing of any loans, including plaintiff's loan, and has no relationship in any way to plaintiff.  Id. at ¶ 8.

**C.    Plaintiff's Failure To Perfect Service Of Process**

On July 6, 2007, plaintiff, acting *pro se*, filed his Complaint in the Massachusetts Superior Court for Hampden County.  On July 26, 2007, defendants removed the action from state court to this Court.  At no time since the case was filed has plaintiff effected service of process of a summons and the Complaint on Arnall.  See State Court Docket filed with this Court as Docket No. 9; Arnall Decl. at ¶ 9.  Arnall received a copy of the Complaint on or about July

- 3 -

11, 2007, through counsel who were not acting as agents for service of process when they obtained a copy of the Complaint.

## ARGUMENT

I.  **THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE THE COURT CANNOT EXERCISE PERSONAL JURISDICTION OVER ARNALL**

Plaintiff bears the burden of proving the facts on which the existence of personal jurisdiction would depend.  E.g., United Elec. Radio & Machine Workers of Am. v. 163 Pleasant Street Corp., 960 F.2d 1080, 1090 (1st Cir. 1992).  To meet his burden, plaintiff cannot rely upon mere unsupported allegations or conclusory statements in his Complaint but rather must "go beyond the pleadings and make affirmative proof."  Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 675 (1st Cir. 1992).  Indeed, plaintiff must make such a showing "as to every fact required to satisfy both the forum's long-arm statute and the due process clause of the Constitution."  Id. (internal quotations omitted; emphasis added); United Elec., 960 F.2d at 1086.  As discussed below, plaintiff has not met, and cannot meet, either prong of this test.

### A.  **Plaintiff Cannot Meet His Burden Of Establishing Jurisdiction Under The Massachusetts Long-Arm Statute**

Although plaintiff has not alleged a specific statutory basis upon which this Court would have personal jurisdiction over Arnall, plaintiff would presumably allege jurisdiction under Massachusetts' long-arm statute, which permits jurisdiction where the alleged cause of action arises from, among other things, a defendant's "transacting any business" in Massachusetts. G.L. c. 223A, §3(a); United Elec., 960 F.2d 1086.  To meet his burden under this standard, plaintiff must demonstrate that Arnall "attempted to participate in the commonwealth's economic life."  United Elec., 960 F.2d at 1087.  In doing so, plaintiff must come forth with facts specific to Arnall himself; the Court cannot derive vicarious jurisdiction over Arnall based on the

jurisdiction it may be able to exercise over another defendant. <u>See</u> <u>Escud Cruz v. Ortho Pharm. Corp.</u>, 619 F.2d 902, 906 (1st Cir. 1980).

Plaintiff has not met, nor can he meet, his burden under the Massachusetts long-arm statute. Nothing in the Complaint establishes either: (1) how Arnall has had any contact with Massachusetts, much less how Arnall "attempted to participate in the commonwealth's economic life;" or (2) how Arnall was involved in either the origination or servicing of any loan, much less plaintiff's loan. Nor could plaintiff establish any such facts. As set forth in Arnall's declaration, he has no contact with Massachusetts. Arnall does not personally conduct, nor has he ever personally conducted, any business in Massachusetts. Arnall Decl. at ¶ 5. Arnall is merely a trustee of a trust that owns the shares of a company that owns Ameriquest's parent corporation. <u>Id.</u> at ¶ 7. Arnall did not have any involvement in either the origination or servicing of plaintiff's loan, which activities appear to form the basis for plaintiff's claims, or any other relationship with plaintiff. <u>Id.</u> at ¶ 8.

Consequently, as a matter of law, Arnall has not "transacted any business" in Massachusetts sufficient to satisfy the requirements of the Massachusetts long-arm statute, and accordingly, the Court cannot exercise personal jurisdiction over Arnall. <u>Escud Cruz</u>, 619 F.2d at 906 (affirming dismissal for lack of personal jurisdiction over corporate officers where plaintiff made no showing of contacts with forum state and officers' affidavits confirmed that they had not transacted business there); <u>Morris v. Unum Life Ins. Co.</u>, 66 Mass. App. Ct. 716, 720-22 (2006) (finding lack of personal jurisdiction over corporate employees where their personal contacts with forum state were limited to two letters and one telephone call).

**B.    Plaintiff Cannot Meet His Burden Of Establishing That Jurisdiction Would Comport With Constitutional Due Process**

Plaintiff cannot establish that the exercise of personal jurisdiction over Arnall would comport with constitutional due process.  Under due process analysis, plaintiff bears the burden of demonstrating that: (1) Arnall purposefully availed himself of the privilege of conducting business activities in Massachusetts; <u>and</u> (2) plaintiff's claims directly arise out of, or relate to, Arnall's purported activities in Massachusetts; <u>and</u> (3) the exercise of jurisdiction would be reasonable under the "gestalt" factors.[3]  <u>E.g.</u>, <u>United Elec.</u>, 960 F.2d at 1089.  Plaintiff has not pleaded facts sufficient to satisfy any of prong of the due process test, nor can he.

**1.    Arnall has not purposefully availed himself of the privilege of conducting business in Massachusetts**

To meet his burden under the due process clause, plaintiff must show that Arnall, "through [his] <u>own</u> affirmative conduct," purposefully availed himself of the privilege of conducting business in Massachusetts.  <u>United Elec.</u>, 960 F.2d at 1091 (emphasis added).  Purposeful availment must be based on Arnall's own actions, not merely on the actions of other defendants.  <u>Sawtelle v. Farrell</u>, 70 F.3d 1381, 1391 (1st Cir. 1995).  The function of the purposeful availment requirement is to ensure that personal jurisdiction is not premised solely on a defendant's random, isolated, or fortuitous contact with the forum state.  <u>See id.</u>

Because Arnall does not personally conduct, nor has he ever personally conducted, business in Massachusetts and because, as explained above, he has had no personal involvement with plaintiff's loan, plaintiff cannot show that Arnall purposefully availed himself of the

---

[3]    The Court does not need to consider the reasonableness of jurisdiction under the "gestalt" factors if plaintiff cannot satisfy the first two prongs of the due process analysis.  <u>United Elec.</u>, 960 F.2d at 1091, n. 11.

privilege of conducting business in this jurisdiction.[4]  United Elec., 960 F.2d at 1091 (holding

personal jurisdiction did not exist over parent company when only contacts with Massachusetts

were through subsidiary whose conduct was alleged to have violated federal statute); Callahan v.

Harvest Bd. Int'l, Inc., 138 F. Supp. 2d 147, 163 (D. Mass. 2001) (finding lack of personal

jurisdiction over corporate officer because officer was not involved in transaction, and lacked

any presence, in Massachusetts).  Accordingly, the Court lacks personal jurisdiction over Arnall.

> **2.**      **Plaintiff's claims do not arise out of any activity by Arnall in Massachusetts**

Personal jurisdiction does not exist unless a plaintiff can establish that a defendant's

alleged actions: (1) "directly arise out of, or relate to" the defendant's purported activities in

Massachusetts; and (2) form "an important, or at least material, element of proof in the plaintiff's

case."  United Elec., 960 F.2d at 1089 (quoting Marino v. Hyatt Corp., 793 F.2d 427, 428 (1st

Cir. 1986)) (internal quotations omitted).  Because Arnall does not personally conduct, and has

not personally conducted, any business in Massachusetts, and because he does not, and did not,

have any involvement in the origination or servicing of any loans, much less plaintiff's loan, by

definition, plaintiff's claims cannot "directly arise" out of Arnall's activities in Massachusetts (of

which there were none), much less form a "material element of proof" in his case.[5]  United Elec.,

---

[4]      For these same reasons, plaintiff cannot demonstrate that general jurisdiction over Arnall is appropriate. Under that standard, plaintiff must prove that Arnall carries on "continuous and systematic" business activities within the state sufficient so that justice allows the exercise of jurisdiction even for claims not arising from the defendant's contacts within the state.  Negron-Torres, 478 F.3d at 26-27 (affirming motion to dismiss; plaintiff asserting general jurisdiction must meet a standard "considerably more stringent than that applied to specific jurisdiction questions"); United Elec., 960 F.2d at 1088 (finding defendant's contacts "manifestly insufficient to ground a claim of general jurisdiction"); Killion v. Commonwealth Yachts, 421 F. Supp. 2d 246, 256 (D. Mass. 2006) (granting motion to dismiss).

[5]      Nor has plaintiff pleaded (because there would be no good faith basis for doing so) that the separate corporate form of the entities of whom Arnall is a remote trustee should be disregarded, and thus, there can be no

- 7 -

960 F.2d at 1089.  Accordingly, the Court lacks personal jurisdiction over Arnall.  E.g., Escud

Cruz, 619 F.2d at 906.

### 3.    Exercising personal jurisdiction over Arnall would be unreasonable under the "gestalt" factors

The Court does not need to consider the reasonableness of jurisdiction under the "gestalt"

factors because plaintiff cannot satisfy either of the first two prongs of the due process analysis.

United Elec., 960 F.2d at 1091, n. 11.  Even if the Court were to find that plaintiff could satisfy

both of the first two prongs of the due process analysis (which plaintiff has not and cannot), it

would not be reasonable for the Court to exercise personal jurisdiction over Arnall based on the

"gestalt" factors.  See Harlow v. Children's Hosp., 432 F.3d 50, 66-67 (1st Cir. 2006) (even

where minimum contacts is satisfied, exercise of jurisdiction must be denied where it would be

unreasonable under the "gestalt" factors); Ticketmaster-New York, Inc. v. Alionto, 26 F.3d 201,

210 (1st Cir. 1994) (dismissal appropriate where exercise of personal jurisdiction unreasonable

despite satisfaction of minimum contacts).  These factors are: (1) the burden on the defendant of

defending in the forum; (2) the forum state's interest in adjudicating the dispute; (3) the

plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest

in obtaining the most effective resolution of the controversy; and (5) the common interests of all

sovereigns in promoting substantive social policies.  See Harlow 432 F.3d at 67 (affirming

dismissal where exercise of personal jurisdiction was unreasonable); Ticketmaster-New York, 26

F.3d at 209 (same).

---

personal jurisdiction based on a veil piercing theory.  See United Elec., 960 F.2d at 1093 (to prevail on veil piercing theory, a plaintiff must demonstrate "lack of corporate independence, fraudulent intent, and manifest injustice").

The application of these factors to this matter mandates dismissal of Arnall from this suit, particularly given that: (1) there is no contact between Arnall and Massachusetts; and (2) there is no connection between Arnall and the origination or servicing of plaintiff's loan.  See Harlow, 432 F.3d at 67 ("the weaker the plaintiff's showing on the first two prongs (relatedness and purposeful availment), the less a defendant need show in terms of unreasonableness to defeat jurisdiction"); Ticketmaster-New York, 26 F.3d at 209 (same).  In addition, the burden placed on Arnall of defending in this forum would be substantial because Arnall is a citizen of the State of California, currently resides in the Netherlands, and maintains no residence in Massachusetts. Arnall Decl. at ¶¶ 1-3.  See Ticketmaster-New York, 26 F.3d at 210-11, 212 (granting motion to dismiss for lack of personal jurisdiction over California resident where plaintiff made "only the most tenuous showings of relatedness and purposefulness" between defendant and Massachusetts); LaForest v. Ameriquest Mortgage Co., 383 F. Supp. 2d 278, 287 (D. Mass. 2005) (holding exercise of personal jurisdiction over corporate employee located in California unreasonable).  Finally, this forum's interests are fully served because the entities whose alleged actions form the basis for plaintiffs' claims, namely Ameriquest and AMC, are already parties to this matter and do not object to jurisdiction in this District.  See LaForest, 383 F. Supp. 2d at 287 (granting motion to dismiss where plaintiff could obtain "efficient and effective relief without including [defendant] individually").  Because under the totality of the circumstances it would be unreasonable for the Court to exercise jurisdiction over Arnall, the Court should grant Arnall's motion to dismiss.

### 4.    None of the statutes for which plaintiff has a private right of action provide for nationwide service of process

In determining whether the Court may exercise personal jurisdiction over Arnall, the Court must look to the traditional Massachusetts long-arm statute and minimum contacts analysis

under the Fourteenth Amendment because none of the federal statutes for which plaintiff has a private right of action permit nationwide or worldwide service of process. Lorelei Corp. v. County of Guadalupe, 940 F.2d 717, 720 (1st Cir. 1991); United Elec., 960 F.2d at 1085-86 (looking to minimum contacts of Scottish company with Massachusetts rather than United States in holding district court lacked personal jurisdiction because ERISA does not provide for worldwide service of process); Fed. R. Civ. P. 4(k)(1).

It is well-settled that nationwide service of process is not available under the FDCPA or FCRA. Krambeer v. Eisenberg, 923 F. Supp. 1170, 1173 (D. Minn. 1996) (FDCPA); Merrill Lynch Bus. Fin. Servs. v. Marais, No. 94-C-3316, 1995 WL 608573, at *6 (N.D. Ill. 1995) (FDCPA); Lochard v. Equifax, Inc., 163 F.3d 1259, 1265 (11th Cir. 1998) (FCRA). Nothing in RESPA suggests that it provides for nationwide service of process. See 12 U.S.C. §2614 (RESPA's section on jurisdiction is silent as to service of process); cf. Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 106 (1987) (declining to find nationwide service of process under section of Commodities Exchange Act where silent as to service of process, because "Congress knows how to authorize nationwide service of process when it wants to provide for it").

Finally, although the FTC Act provides for nationwide service of process for the Commissioner of the FTC, the FTC Act does not provide a private cause of action. Lingo v. City of Albany Dep't of Cmty. & Econ. Dev., 195 Fed. Appx. 891, 894 (11th Cir. 2006) ("no private cause of action implied under the Federal Trade Commission Act"); Action Ambulance Serv., Inc. v. Atlanticare Health Servs., Inc., 815 F. Supp. 33, 39 n.8 (D. Mass. 1993) (noting that Section 5(a) of the FTC Act provides no private right of action) (emphasis added); Symes v. Bahama Joe's, Inc., 1988 WL 92462, at *5 (D. Mass. Aug. 12, 1988) ("no private right of action

under the FTC Act"). Plaintiff cannot avail himself of the benefits of a statute under which he has no right to sue. See, e.g., Empire Healthsource Assurance, Inc. v. McVeigh, 396 F.3d 136, 140 (2d Cir. 2005) (holding that a plaintiff cannot create federal question jurisdiction merely by alleging a claim under a federal statute that does not provide for a private right of action).

Because, as discussed above, the Court's exercise of jurisdiction over Arnall would not comport either with the Massachusetts long-arm statute or with due process, the Court should grant Arnall's motion to dismiss.

## II.    THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE PLAINTIFF FAILED TO EFFECT SERVICE OF PROCESS ON ARNALL

To withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(5), plaintiff bears the burden of establishing that he has served Arnall with a summons and the Complaint and that he has effected service properly. E.g., Rivera-Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992). This plaintiff cannot do this. At no time since the case was filed has plaintiff effected service of process on Arnall. Arnall Decl. at ¶ 9. Neither the state court docket nor the docket of this Court reflect a return of service of process. See State Court Docket filed with this Court at Docket No. 9. Rather, Arnall received a copy of the Complaint on or about July 11, 2007, through counsel who were not acting as agents for service of process when they obtained a copy of the Complaint. Without proper service of a summons and the Complaint on Arnall, plaintiff cannot be permitted to proceed with his claims against Arnall, and they should be dismissed. E.g., Boyd v. Arizona State Bd. of Dental Examiners, Civ.A.No. 88-1560-MA, 1989 WL 37309, *12 (D. Mass. 1989) (dismissing complaint against individual defendants where they were never served); Blair v. City of Worcester, Civil Action Nos. 02-40152-FDS, 02-40153FDS, 2006 WL 1581582, *6 (D. Mass. 2006) (dismissing complaint against city for lack of service).

## **CONCLUSION**

For all of the foregoing reasons, defendant Roland Arnall respectfully requests that the Court: (1) dismiss plaintiff's Complaint with prejudice for lack of personal jurisdiction; or alternatively, (2) dismiss plaintiff's Complaint for failure to effect service of process; and (3) grant such other relief as the Court deems just and equitable.

ROLAND ARNALL,

By his attorneys,

*s/ Andrew C. Glass*

R. Bruce Allensworth (BBO #015820)
Andrew C. Glass (BBO #638362)
David M. Glynn (BBO #650964)
David D. Christensen (BBO #666401)
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel: 617.261.3100
Fax: 617.261.3175
bruce.allensworth@klgates.com
andrew.glass@klgates.com
david.glynn@klgates.com
david.christensen@klgates.com

Dated: September 28, 2007

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on September 28, 2007.

*s/ Andrew C. Glass*

Andrew C. Glass