UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION (SPRINGFIELD)

| | |
|---|---|
| JOSEPH F. SCHEBEL, JR.,<br><br>        Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST,<br>as Trustee;<br>ACC CAPITAL HOLDINGS<br>CORPORATION;<br>AMERIQUEST MORTGAGE COMPANY;<br>AMC MORTGAGE SERVICES, INC.; and<br>ROLAND ARNALL,<br><br>        Defendants. | C.A. NO. 07-30135 (MAP) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STAY
ACTION PENDING TRANSFER DECISION BY
THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

Defendants Deutsche Bank National Trust, as Trustee, ACC Capital Holdings Corporation, Ameriquest Mortgage Company, and AMC Mortgage Services, Inc. (collectively, "defendants") respectfully move this Court for an order staying the proceedings in this case pending a transfer decision by the Judicial Panel on Multidistrict Litigation ("MDL Panel"). The MDL Panel is currently reviewing defendants' petition to transfer this action to the Northern District of Illinois as a "Tag Along" Action for consolidated pre-trial proceedings in *In re Ameriquest Mortgage Company Mortgage Lending Practices Litigation*, MDL 1715 (N.D. Ill). In support of their Motion, defendants state as follows:

    1.    On or about July 6, 2007, plaintiff Joseph F. Schebel, Jr. ("plaintiff") filed a Complaint for Temporary Injunction and Other Equitable Relief and Monetary Civil Penalties ("Complaint") in the Superior Court for Hampden County, Massachusetts.

- 2 -

2.  On or about July 26, 2007, defendants timely removed the action to this Court. See Docket No. 1.

3.  On September 28, 2007, defendants Deutsche Bank National Trust, as Trustee, ACC Capital Holdings Corporation, Ameriquest Mortgage Company, and AMC Mortgage Services, Inc. filed answers and counterclaims to plaintiff's complaint, see Docket Nos. 12-15, and defendant Roland Arnall filed a motion to dismiss plaintiff's complaint for lack of personal jurisdiction, see Docket No. 16, which motion the Court granted on October 25, 2007.

4.  This action is subject to a petition for transfer and consolidation as a "Tag-Along" Action pursuant to Rules 7.4 and 7.5 of the Rules of Procedure of the MDL Panel, 199 F.R.D. 425 (2001).  Defendants filed their "Tag Along" petition on October 30, 2007.  A copy of the petition is attached as Exhibit A.

5.  On December 14, 2005, the MDL Panel transferred five cases to the Northern District of Illinois for consolidated pre-trial proceedings in *In re Ameriquest Mortgage Company Mortgage Lending Practices Litigation*, MDL 1715 (N.D. Ill) ("Illinois MDL").  A copy of the decision of the MDL Panel is attached as Exhibit B.  The five original actions alleged claims concerning the lending practices of Ameriquest Mortgage Company, among others, including claims concerning the soliciting and closing of residential mortgage loan transactions.  The MDL Panel determined that "[c]entralization under § 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, … and conserve the resources of the parties, their counsel and the judiciary."  See Exhibit B.  To date, approximately 200 cases have been transferred to the Illinois MDL.

6.  Accordingly, it would be appropriate for the Court to stay proceedings in this matter pending the MDL Panel's decision on defendants' petition to transfer this action to the

Northern District of Illinois as a "Tag Along" Action to the Illinois MDL. A stay would avoid duplicative litigation efforts and costs and thus ensure a more efficient use of judicial and party resources. See Jones v. Lewis, Civ. A. No. 06-1051, 2006 WL 1006881, at *1-2 (W.D. Tenn. 2006) (granting motion to stay further proceedings pending transfer decision into Illinois MDL where stay would "promote judicial economy and conserve judicial resources" and avoid risk of "duplicative motions"); Kavalir v. Medtronic, Civ. A. No. 07-0835, 2007 WL 1225358, at *4 (N.D. Ill. 2007) (granting motion to stay further proceedings until likely transfer to MDL where such stay would promote "the interests of judicial economy").

    7.    Defendants do not believe that this request, if granted, will materially delay the prosecution of this action or prejudice any party. Furthermore, defendants believe that this proposal will conserve the time and resources of the parties and the Court.

    WHEREFORE, defendants request that the Court grant the relief sought herein and issue an order:

    1.    Staying this action pending the MDL Panel's decision on the petition to transfer this case as a "Tag Along" Action to the Illinois MDL; and

    2.    Granting such other relief as the Court deems just and necessary.

- 4 -

        Respectfully submitted,

        DEUTSCHE BANK NATIONAL TRUST,
        as Trustee, ACC CAPITAL HOLDINGS
        CORPORATION, AMERIQUEST
        MORTGAGE COMPANY, and
        AMC MORTGAGE SERVICES, INC.,

        By their attorneys,

        s/ David M. Glynn

        R. Bruce Allensworth (BBO #015820)
        Andrew C. Glass (BBO #638362)
        David M. Glynn (BBO #650964)
        KIRKPATRICK & LOCKHART
        PRESTON GATES ELLIS LLP
        State Street Financial Center
        One Lincoln Street
        Boston, MA 02111
        Tel: 617.261.3100
        Fax: 617.261.3175
        bruce.allensworth@klgates.com
        andrew.glass@klgates.com
        david.glynn@klgates.com

Dated: November 9, 2007

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing motion filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent by first class mail to those indicated as non-registered participants as set forth below on November 9, 2007:

Joseph Schebel (pro se)
71 Columbia Dr.
Feeding Hills, MA 01030

                                               s/ David M. Glynn
                                               David M. Glynn