# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br>Lead Case No. 05 C 7097 |
| THIS DOCUMENT RELATES TO:<br>*Schebel v. Deutsche Bank et al.*<br>(Indiv. Case No. 07 C 6810) | Centralized before the<br>Hon. Marvin E. Aspen |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Joseph Schebel has failed to actively prosecute his lawsuit against Ameriquest Mortgage Company ("Ameriquest") and numerous other defendants. As a result of this failure, Magistrate Judge Daniel Martin recently issued an order recommending that we dismiss the action pursuant to Federal Rule of Civil Procedure 41(b) as well as Northern District of Illinois Local Rule 41.1. Schebel filed an objection to Judge Martin's order. For the reasons described below, we accept the recommendation pursuant to Rule 72(b) and hereby terminate this action.

## BACKGROUND

Before assessing Judge Martin's recommendation, we review the procedural history of this lawsuit. Schebel filed this case in Massachusetts state court in 2007. Defendants subsequently removed the case to federal court, where it was transferred into the Ameriquest MDL before us.

Mediation failed, and Ameriquest commenced discovery in July of 2012. (Resp. to Obj. (Indiv. Dkt. No. 48) at 3.) Having received no responses from Schebel to its discovery requests, Ameriquest filed a motion to compel, (MDL Dkt. No. 5172), which was heard by Judge Martin

1

on January 24, 2013.  (*See* 1/25/13 Order (MDL Dkt. No. 5181).)  Judge Martin ordered Schebel to file responses to the outstanding discovery within fifteen days and precluded him from raising objections.  (*Id.* at 2.)  Judge Martin expressly warned Schebel that Ameriquest intended to seek dismissal for failure to prosecute, which Judge Martin might recommend, if Schebel failed to respond to discovery.  (*Id.*)  Schebel nonetheless did not submit any responses to the outstanding interrogatories and requests for production.  (Resp. to Obj. at 4; 7/13/15 Decl. of Joanne Davies (Indiv. Dkt. No. 48-1) ¶¶ 3–7.)

In light of Schebel's failure to comply with Judge Martin's order, Ameriquest filed a motion to dismiss for want of prosecution on February 14, 2013.  (Resp. to Obj. at 4; *see* MDL Dkt. Nos. 5202 & 5336.)  Schebel opposed the motion and indicated that he intended to participate in the litigation.  (Opp'n First Mot. to Dismiss (MDL Dkt. No. 5247) at 1–4.)  As part of his opposition, Schebel submitted a response to Ameriquest's discovery requests.[1]  (*Id.*, Exs. A–C.)  His response, however, included only objections along with a promise to deliver some documents at a future time.  (*Id.*, Exs. A–B.)  Given Schebel's apparent interest in pursuing the litigation, Ameriquest withdrew the motion to dismiss.  (MDL Dkt. No. 5256.)

Ameriquest then issued a second set of discovery requests in December 2013.  (Resp. to Obj. at 5.)  It also forwarded Schebel a loan modification offer from Schebel's loan servicer.  (*Id.*)  According to Ameriquest, Schebel never responded to either the modification offer or the second round of discovery.  (*Id.*; *see* 7/13/15 Davies Decl. ¶¶ 4–5, 8.)

---

[1] Schebel asserted in his opposition that he had provided the discovery responses on or about November 12, 2012, and had promised to provide documents in January 2013.  In addition, although Schebel attempted to respond to Ameriquest's requests for admission, Judge Martin had already ruled that Schebel had admitted those statements.  (Opp'n First Mot. to Dismiss at Ex. C; 1/25/13 Order.)

Ameriquest filed a second motion to compel, which Judge Martin granted on May 12, 2014. (Resp. to Obj. at 6; *see also* 5/12/14 Order (Indiv. Dkt. No. 31).) Judge Martin ordered Schebel to respond to the outstanding discovery within fifteen days. Judge Martin again admonished Schebel that he might recommend dismissal for failure to prosecute if Schebel ignored the order. (5/12/14 Order ¶ 3.)

Shortly thereafter, on May 23, 2014, Schebel informed Ameriquest by email that he had sent his discovery responses in the mail. (*See* Second Mot. to Dismiss (Indiv. Dkt. No. 34), Ex. 1 (email exchanges between Schebel and counsel for Ameriquest).) Ameriquest told him—repeatedly—that his responses had not been received. (Resp. to Obj. at 6–7; 7/13/15 Davies Decl. ¶ 5; *see also* Second Mot. to Dismiss, Ex. 1.) Indeed, over the next nine months, Ameriquest explained to Schebel four times that it had not received his responses and that it would seek dismissal for failure to prosecute if he did not cooperate with discovery. (Resp. to Obj. at 6–7; 7/13/15 Davies Decl. ¶ 5; *see also* Second Mot. to Dismiss, Ex. 1.) Yet, according to Ameriquest, Schebel has not produced a single document or substantively responded to discovery to date. (Resp. to Obj. at 7; 7/13/15 Davies Decl. ¶¶ 3–5.) Schebel, for his part, now asserts that he served Ameriquest with discovery responses by mail in "June of 2015." (Obj. (Indiv. Dkt. No. 46) at 3.)

On March 25, 2015, Ameriquest filed a second motion to dismiss for want of prosecution before us. (Indiv. Dkt. No. 34.) Ameriquest noticed the motion for hearing on April 16, 2015 and served the filings on Schebel by mail and email. (Indiv. Dkt. Nos. 25–36.) On April 15, 2015, we set a briefing schedule on the motion and struck the April 16, 2015 hearing date. (Indiv. Dkt. No. 37.) The court notified Schebel of the April 15, 2015 scheduling order both by mail and by telephone. (*Id.*) Ameriquest also served Schebel with a copy of the

scheduling order by mail and email. (Indiv. Dkt. No. 38.) We ordered Schebel to respond to Ameriquest's motion on or by May 15, 2015. (Indiv. Dkt. No. 37.) Schebel failed to file any opposition to the motion to dismiss. Ameriquest filed its reply on May 26, 2015, urging dismissal. (Indiv. Dkt. No. 39.)

On May 26, 2015, Ameriquest also filed a motion for recommendation to dismiss for want of prosecution before Judge Martin. (Mot. for Recomm. (Indiv. Dkt. No. 40).) It is not clear why Ameriquest took this step rather than wait for us to rule on the pending second motion to dismiss, which became fully-briefed that very day.[2] In any event, Ameriquest notified Schebel of the motion and the June 4, 2015 hearing by mail and by email. (Indiv. Dkt. No. 42; *see also* 7/13/15 Davies Decl. ¶ 11 & Ex. 4 (email to Schebel).) Schebel states that he did not receive copies of the motion until June 2, 2015. (Obj. at 2.) Schebel did not file any opposition, appear at the hearing, or otherwise contact the court.

On June 4, 2015, Judge Martin granted the motion and recommended dismissal of the action. (Indiv. Dkt. No. 43.) Judge Martin informed Schebel that he had fourteen days from service of the order to file before us any objection to his recommendation. (*Id.*) He further notified Schebel that any objections not filed within that timeframe would be waived. (*Id.*)

Schebel filed an objection on June 26, 2015 and asserts that he received notice of Judge Martin's recommendation on June 13, 2015. (Obj. at 1.) Schebel argues that he did not have sufficient advance notice to oppose the motion before Judge Martin and, moreover, that he responded to the second set of discovery in June of 2015. (*Id.* at 1–3.)

---

[2] We will not speculate as to Ameriquest's intentions, but we admonish it not to take such unnecessary steps again in the future.

## STANDARD OF REVIEW

Rule 72(b) sets forth the procedure for objecting to a magistrate judge's report and recommendation on dispositive matters, such as a motion to dismiss. The rule states that, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). To comply with this rule in the Seventh Circuit, an objecting party must "specify each issue for which review is sought[, but need] not [include] the factual or legal basis of the objection." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999); *Brokaw v. Brokaw*, 128 F. App'x 527, 530–31 (7th Cir. 2005). Typically, a district court reviews a magistrate's report and recommendation for clear error. Fed. R. Civ. P. 72(a); *Saban v. Caremark Rx, L.L.C.*, 780 F. Supp. 2d 700, 704 (N.D. Ill. 2011); *MacNeil Auto. Prods., Ltd. v. Cannon Auto. Ltd.*, 715 F. Supp. 2d 786, 797 (N.D. Ill. 2010). We undertake a *de novo* review, however, of any portions of a report to which a party specifically objected. *Johnson*, 170 F.3d at 741; *Saban*, 780 F. Supp. 2d at 704; *see also* Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

Before evaluating the merits of Schebel's objection, we briefly consider its timeliness. Ameriquest points out that Judge Martin's order was mailed by the Clerk's office on June 8, 2015, allowing Schebel until June 25, 2015 to file any objection.[3] (Resp. to Obj. at 9, 13 (counting the fourteen days, as provided by Rule 72, plus the three additional days allowed for service by mail, as provided by Rule 6(d), for a total of seventeen days in which to object).) Ameriquest thus argues that Schebel's June 26, 2015 objection was a day late, resulting in

---

[3] The docket indicates that notice was likely sent to Schebel on June 4, 2015 as well. (*See* 6/4/15 Order.) Judge Martin ordered the Clerk's office to issue a separate notice, and so we will start the clock with that later June 8, 2015 mailing.

waiver of his arguments. We agree with Ameriquest that Schebel's objections were not timely in accordance with Rules 6(d) and 72(b)(2). Although we are entitled to review Judge Martin's recommendation for clear error under these circumstances, as if no objection had been filed, we will review it *de novo* out of an abundance of caution. We take this approach particularly because of Schebel's *pro se* status, his claim that he did not receive notice of the June 4, 2015 order until June 13, 2015, and his effort to promptly raise the objection.

### A. Standards on a Motion for Failure to Prosecute

With that context in mind, we turn to review Judge Martin's dismissal recommendation *de novo*. Rule 41(b) authorizes a district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Because involuntary dismissal is such a severe sanction, it is appropriate only "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (internal quotation omitted); *Kasalo v. Harris & Harris*, 656 F.3d 557, 561 (7th Cir. 2011). "[D]ismissal under Rule 41(b) may also be warranted by a lengthy period of inactivity." *Tome Engenharios E. Transportes v. Malki*, 98 F. App'x 518, 520 (7th Cir. 2004) (citing cases); *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000). The Seventh Circuit has identified several factors a court should consider before entering an involuntary dismissal, including:

> the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents.

*Kasalo*, 656 F.3d at 561; *see Tome*, 98 F. App'x. at 520; *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003). The court should also caution a plaintiff

6

facing such dismissal that the case may be closed imminently in favor of the defendant. *Kasalo*, 656 F.3d at 562; *Aura Lamp*, 325 F.3d at 908; *see also Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011) (relatedly concluding that a magistrate judge must instruct a party that it has a set time to object under Rule 72 and that failure to object will result in waiver of the party's right to contest the magistrate judge's conclusions).

Additionally, Local Rule 41.1 provides that cases "inactive for more than six months may be dismissed for want of prosecution." N.D. Ill. L.R. 41.1; *see also Sambrano v. Mabus*, 663 F.3d 879, 880–81 (7th Cir. 2011) (rejecting an argument that Local Rule 41.1 is unconstitutional in light of Supreme Court authority that federal courts may "dismiss dormant suit for failure to prosecute"); *Snyder v. Barry Realty, Inc.*, 96 C 1041, 2002 WL 1822921, at *1 (N.D. Ill. Aug. 8, 2002) (dismissing case for inaction and further finding that no "warning shot" was necessary for dismissal under Local Rule 41.1).

### B.     Whether Dismissal Is Warranted

Consistent with these principles, we agree with Judge Martin that dismissal of Schebel's lawsuit is appropriate for failure to prosecute under Rule 41 and/or Local Rule 41.1. Schebel has consistently ignored court orders and missed court-imposed deadlines. Schebel refused to comply with Judge Martin's two orders, in 2013 and 2014, compelling thorough discovery responses in a timely fashion. While Schebel claims that he served discovery responses last month, counsel for Ameriquest has reported, under oath, that it has never received any documents or substantive discovery responses (i.e., any responses other than blanket objections) from Schebel. (*Compare* Obj. at 3 *with* 7/13/15 Davies Decl. ¶¶ 4–5.) Schebel's assertion that he provided these materials is noticeably unsupported. Ameriquest, on the other hand, has demonstrated that, over the years, Schebel has promised repeatedly to deliver discovery

7

responses but ultimately neglected to do so. (*See* Resp. to Obj. at 6–7; 7/13/15 Davies Decl. ¶¶ 3–5, 7.)

Beyond these discovery violations, however, Schebel also failed to respond to pending motions. For example, Schebel did not oppose Ameriquest's two motions to compel, and did not appear either telephonically or in person for the hearings set on those motions. (*See* 1/24/13 Minute Entry (MDL Dkt. No. 5179) (noting that no plaintiff had appeared for the motion hearing); 5/12/14 Minute Entry (Indiv. Dkt. No. 30) (noting that Schebel "failed to appear and was not available telephonically"); *see also* 1/25/13 Order (MDL Dkt. No. 5181); 5/12/14 Order (Indiv. Dkt. No. 31).) Importantly, Schebel failed to oppose the second motion to dismiss for want of prosecution, despite our order that he file a response by May 15, 2015. Nor did Schebel object—on paper or by appearance—to the motion for recommendation of dismissal heard by Judge Martin on June 4, 2015. Despite facing several motions and repeated notices from Ameriquest that it would seek dismissal for his failure to participate in the lawsuit, Schebel's only effort to avoid dismissal since early 2013 was this late-filed objection.

In the objection, Schebel argues that he did not receive sufficient notice of the June 4, 2015 hearing to appear and oppose the motion for recommendation of dismissal. (Obj. at 1–2.) Schebel states that on June 2, 2015 he received, by certified mail, copies of: (1) the motion for recommendation; (2) the reply to the second motion to dismiss; and (3) the certificate of service. (*Id.* & Exs. 1–5.) He claims that he did not receive a copy of the *notice of motion*, however, so he was not aware that a hearing had been scheduled for June 4, 2015. (*Id.*)

We reject this argument for two reasons. First, Ameriquest's May 26, 2015 certificate of service indicates that the notice of motion was included with the other materials. (Indiv. Dkt. No. 42.) We credit the certificate of service, which was signed under penalty of perjury, unlike

8

Schebel's objection. Second, Schebel ignores the fact that the materials were also sent to him electronically on May 26, 2015. Indeed, the materials were directed to the email address he has used to correspond with Ameriquest's counsel in the past. (*Id.*; Resp. to Obj. at 9, 13–14; 7/13/15 Davies Decl. ¶ 11 & Ex. 4 (5/26/15 email to Schebel indicating that four documents were attached, including the notice of motion); *see also* 7/13/15 Davies Decl. Ex. 2 (April 2015 email exchange between Schebel and counsel, in which Schebel uses the same email address later used for service on May 26, 2015).) While email delivery here may or may not constitute formal notice under Rule 5(b)(2)(E), Schebel cannot complain that he was unaware of the hearing, as a practical matter, when he received constructive notice by email in addition to notice by mail.[4] Yet at no time after receiving the motion did Schebel contact the court to ask any questions, to express concerns about the timing of the hearing, or to request to appear telephonically.

In short, Schebel has refused to meaningfully participate in discovery for several years and failed to comply with Judge Martin's discovery orders. He also neglected to respond to various motions, including the second motion to dismiss, despite having an opportunity to do so. Schebel's lack of cooperation has precluded any progress in or resolution of this case, thus prejudicing Ameriquest and wasting judicial resources. Schebel is pro se and has no lawyer to blame for his recalcitrance. Although we decline to assess the merits of his claims at this juncture, we also cannot allow Schebel to unreasonably and deliberately hinder the progress and disposition thereof, whether meritorious or not. Additionally, dismissal at this time would not obstruct the social objectives underlying these claims; those objectives have been satisfied by

---

[4] Significantly, Schebel does not claim that he did not receive the May 26, 2015 notice by email. That being said, notice by email is effective for purposes of Rule 5 only if the recipient has consented to electronic notice and the transmission is successful. Fed. R. Civ. P. 5(b)(2)(E). There is no indication in the record that Schebel consented to electronic notice.

resolution of many similar claims over the years as part of this MDL.  *See, e.g.*, *Kasalo*, 656 F.3d at 561; *see Tome*, 98 F. App'x. at 520; *Aura Lamp & Lighting Inc.*, 325 F.3d at 908.

We further find that Schebel has received ample notice that his case might be dismissed for failure to prosecute if he continued to shirk his obligations in this lawsuit. *Kasalo*, 656 F.3d at 562; *Aura Lamp*, 325 F.3d at 908.  Schebel has faced two motions to dismiss for failure to prosecute, the most recent of which he did not oppose.  Judge Martin explicitly warned Schebel twice, when issuing orders on motions to compel, that Ameriquest might seek—and he might recommend—dismissal under Rule 41(b) if Schebel did not respond to outstanding discovery requests.  (*See* 1/25/13 Order & 5/12/14 Order.)  In addition, defense counsel cautioned Schebel on four occasions since May 2014 that Ameriquest would seek dismissal if he failed to respond to outstanding discovery.  (Resp. to Obj. at 6–7; 7/13/15 Davies Decl. ¶ 5; *see also* Second Mot. to Dismiss, Ex. 1.)  These warnings constitute sufficient notice to Schebel of the consequences of his inaction.  *Fischer v. Cingular Wireless, Inc, LLC¸* 446 F.3d 663, 666 (7th Cir. 2006) (explaining that the warning of impending dismissal need not come from the district judge, so long as the plaintiff is warned); *see also Curtis-Joseph v. Richardson*, 417 F. App'x 570, 572–73 (7th Cir. 2011) (affirming dismissal where plaintiff had been informed by defendant's motion that "dismissal was a possible consequence of [the] year-long disregard of discovery requests and court orders").

Schebel is responsible for participating in the lawsuit he filed.  His history of failing to participate and ignoring court orders indicates that he does not take this litigation seriously and has no intention of pursuing it to any resolution.  Based on his conduct to date, we have no

10

reason to believe that any sanction short of dismissal would spur Schebel into action.[5] Under these circumstances, and based on our *de novo* review of the arguments, we agree with Judge Martin that involuntary dismissal is warranted pursuant to Rule 41(b) and Local Rule 41.1. We thus accept his recommendation under Rule 72(b)(3).

## CONCLUSION

For the reasons set forth above, we adopt Judge Martin's recommendation for dismissal of this case. We also deny the pending second motion to dismiss (Indiv. Dkt. No. 34) as moot and as duplicative of the issues addressed herein. This action is hereby terminated due to failure to prosecute, pursuant to Rule 41(b) and Local Rule 41.1. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: July 27, 2015
       Chicago, Illinois

---

[5] For example, Judge Martin's orders on the motions to compel, which deemed admitted all of Ameriquest's Requests for Admission, did not prompt Schebel to engage in discovery thereafter despite that sanction. (1/25/13 Order ¶ 2 & 5/12/14 Order ¶ 2.)